IN THE UNITED STATES COURT OF FEDERAL CLAIMS
_____

No. 05-1028 T

(Judge Marion Blank Horn)

ESTATE OF RANKIN M. SMITH, SR.,
SUNTRUST BANK, TAYLOR W. SMITH, and
RANKIN M. SMITH, JR., Co-Executors,

                                              Plaintiffs

v.

THE UNITED STATES,

                                              Defendant

_____

ANSWER
_____

Defendant, the United States, in answer to the complaint, respectfully denies each and every allegation contained therein that is not admitted below.

Defendant further responds as follows:

**COMPLAINT**

Denies the allegations in the first sentence of the first paragraph[1] of the complaint that estate taxes and related interest were erroneously assessed and illegally collected from plaintiff. Admits the remaining allegations in the first sentence of the first paragraph of the complaint, and that plaintiff's set forth their allegations in the remainder of the complaint.

---

[1] The first paragraph of the complaint is not numbered.

## THE PARTIES

1. Admits the allegations in the first and second sentences of ¶ 1 of the complaint. Admits the allegations in the third sentence of ¶ 1 of the complaint, except avers that the Estate's Taxpayer Identification Number is          V. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of ¶ 1 of the complaint.

2. Admits the allegations in ¶ 2 of the complaint.

## JURISDICTION AND VENUE

3. With respect to the allegations in ¶ 3 of the complaint, admits only that, if this Court has jurisdiction, it is founded upon 28 U.S.C. § 1491(a)(1). Denies the remaining allegations in ¶ 3 of the complaint.

## FACTS COMMON TO ALL COUNTS

4. With respect to the allegations in the first sentence of ¶ 4 of the complaint, admits that the Estate challenges the determinations made by the Service. Denies the remaining allegations in the first sentence of ¶ 4 of the complaint. Denies the allegations in the second sentence of ¶ 4 of the complaint.

5. Avers that the allegations in ¶ 5 of the complaint are contentions of law to which no response is required.

6. Admits the allegations in the first sentence of ¶ 6 of the complaint, except avers that the Estate's Form 706 was received by the IRS on February 1, 1999, and it reported a taxable estate of $22,688,376. With respect to the second sentence in ¶ 6, admits only that a copy of a document is attached to the complaint as Exhibit A.

7.      Admits the allegations in the first sentence of ¶ 7 of the complaint.  Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of ¶ 7 of the complaint.  With respect to the avers that it was paid on July 29, 1998, and admits that July 26, 1998 was the due date for the original return (without regard to extension).  Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of ¶ 7 of the complaint.

8.      With respect to the allegations in the first sentence of ¶ 8, admits that the Estate filed an Amended Form 706 on July 27, 1999, avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of ¶ 8 of the complaint.  With respect to the second sentence in ¶ 8, admits only that a copy of a document is attached to the complaint as Exhibit B.

9.      Admits the allegations in the first sentence of ¶ 9 of the complaint.  With respect to the second sentence in ¶ 9, admits only that a copy of a document is attached to the complaint as Exhibit C.

10.     Admits the allegations in the first sentence of ¶ 10 of the complaint.  With respect to the second sentence in ¶ 10 of the complaint, admits only that a copy of a document is attached to the complaint as Exhibit D.  With respect to the allegations in the third sentence of ¶ 10 of the complaint, denies that the IRS determinations were erroneous.  Admits the remaining allegations in the third sentence of ¶ 10 of the complaint.  With respect to the allegations in the fourth sentence of ¶ 10 of the complaint, denies that the IRS determinations were erroneous.  Admits the remaining allegations in the fourth sentence of ¶ 10 of the complaint.  With respect to

the allegations in the fifth sentence of ¶ 10 of the complaint, denies that the IRS determinations and adjustments were erroneous.  Admits the remaining allegations in the fifth sentence of ¶ 10 of the complaint.

11. With respect to the allegations in ¶ 11 of the complaint, admits that on March 1, 2002, the Estate paid to the IRS $19,290,867; avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 11 of the complaint.

12. With respect to the allegations in the first sentence of ¶ 12 of the complaint, admits that on September 13, 2002, the Estate filed a second claim for refund.  With respect to the remaining allegations in the first sentence in ¶ 12 of the complaint, admits only that a copy of a document is attached to the complaint as Exhibit E.  Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 12 of the complaint.

13. Admits the allegations in the first sentence of ¶ 13 of the complaint.  With respect to the second sentence in ¶ 13, admits only that a copy of a document is attached to the complaint as Exhibit F.

14. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 14 of the complaint.

## CLAIM FOR RELIEF

### COUNT I

### CLAIM FOR TAX REFUND RELATED TO THE VALUE OF PROPERTY INCLUDED IN DECEDENT'S TAXABLE ESTATE

15.     Defendant repeats the responses set forth in ¶¶ 1-14 of this answer as if fully set forth herein.

16.     Denies the allegations contained in ¶ 16 of the complaint.

### The Five Smiths, Inc.

17.     Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegation in ¶ 17 of the complaint that the Estates 12,424 shares in the Company were Class B Common Stock. Admits the remaining allegations contained in ¶ 17 of the complaint.

18-20.     Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 18 through 20 of the complaint.

21.     Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, third, fourth, and sixth sentences of ¶ 21 of the complaint. Avers that the allegations in the fifth sentence in ¶ 21 of the complaint are contentions of law to which no response is required.

22-34.     Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 22 through 34 of the complaint.

35.     Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of ¶ 35 of the complaint. With respect to the allegations in the third sentence of ¶ 35 of the complaint, admits that the Estate reported on Form 706, that it held 12,424 shares of Class A Common Stock in The Five Smiths, Inc., and avers that its attorneys presently lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in the third sentence of ¶ 35 of the complaint.

36.     With respect to the first sentence in ¶ 36 of the complaint, admits that the Estate retained Houlilhan Lokey to determine the fair market value of decedent's shares, and avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in ¶ 36 of the complaint.  Admits the allegations in the second sentence of ¶ 36 of the complaint.

37.     Admits the allegations in the first, and second sentences of ¶ 37 of the complaint.

 Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of ¶ 37 of the complaint.  Denies the allegations in the fourth sentence in ¶ 37 of the complaint.

38.     Admits the allegations in the first sentence in ¶ 38 of the complaint that the Estate retained Standard & Poor's Corporate Value Consulting.  Admits the allegations in the second sentence in ¶ 38 of the complaint that Standard & Poor's concluded the fair market value of the shares was $20 million.  Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 38 of the complaint.

39.     Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 39 of the complaint.

40.     Denies the allegations in ¶ 40 of the complaint.

**FALCONS NEST I, Ltd**.

sufficient to form a belief as to the truth of the remaining allegations in the third sentence of ¶ 35 of the complaint.

36.     With respect to the first sentence in ¶ 36 of the complaint, admits that the Estate retained Houlilhan Lokey to determine the fair market value of decedent's shares, and avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence in ¶ 36 of the complaint.  Admits the allegations in the second sentence of ¶ 36 of the complaint.

37.     Admits the allegations in the first, and second sentences of ¶ 37 of the complaint.

 Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of ¶ 37 of the complaint.  Denies the allegations in the fourth sentence in ¶ 37 of the complaint.

38.     Admits the allegations in the first sentence in ¶ 38 of the complaint that the Estate retained Standard & Poor's Corporate Value Consulting.  Admits the allegations in the second sentence in ¶ 38 of the complaint that Standard & Poor's concluded the fair market value of the shares was $20 million.  Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in ¶ 38 of the complaint.

39.     Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 39 of the complaint.

40.     Denies the allegations in ¶ 40 of the complaint.

**FALCONS NEST I, Ltd**.

41-44.   Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶¶ 41 through 44 of the complaint.

45.   Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of ¶ 45 of the complaint. With respect to the allegations in the fourth sentence of ¶ 45 of the complaint, admits that decedent reported a debt of $4,071,312 on its return; avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fourth sentence of ¶ 45 of the complaint.

46.   Admits the allegations in the first sentence of ¶ 46 of the complaint. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 46 of the complaint.

47-48.   Denies the allegations contained in ¶¶ 47-48 of the complaint.

## COUNT II

### DEDUCTIONS FOR ADMINISTRATION EXPENSES

49.   Defendant repeats the responses set forth in ¶¶ 1-48 of this answer as if fully set forth herein.

50.   Avers that the allegation of ¶ 50 of the complaint is a contention of law to which no response is required.

51.   Admits the allegations in the first sentence of ¶ 51 of the complaint. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of ¶ 51 of the complaint.

52. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 52 of the complaint.

53. Denies the allegations contained in ¶ 53 of the complaint.

54. Avers that its attorneys presently lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in ¶ 54 of the complaint. Avers that the allegations in the third sentence in ¶ 54 of the complaint are contentions of law to which no response is required.

### "WHEREFORE" CLAUSE

Denies the allegations contained in the "Wherefore" clause of the complaint.

### PRAYER FOR RELIEF

1-3. Defendant denies the allegations in the first, second, and third sentences in the prayer for relief in the complaint.

WHEREFORE, defendant prays that the complaint be dismissed with costs assessed against plaintiff.

        Respectfully submitted,

          s/Jennifer Dover Spriggs
        JENNIFER DOVER SPRIGGS
        Attorney of Record
        U.S. Department of Justice
        Tax Division
        Court of Federal Claims Section
        Post Office Box 26
        Ben Franklin Post Office
        Washington, D.C.  20044
        (202) 307-0840

        EILEEN J. O'CONNOR
          Assistant Attorney General
        DAVID GUSTAFSON
          Acting Chief, Court of Federal Claims Section
        STEVEN I. FRAHM
          Assistant Chief

          s/Steven I. Frahm
          Of Counsel

March 3, 2006

CERTIFICATE OF SERVICE

I certify that service of the foregoing Answer has, this 3rd day of March 2006, been made on plaintiff by electronic filing and by mailing a copy thereof, in a postage prepaid envelope, to the following address:

>Judith A. Mather, Esquire
>DOW, LOHNES & ALBERTSON, PLLC
>1200 New Hampshire Avenue, N.W.
>Suite 800
>Washington, D.C.  20036

>s/Jennifer Dover Spriggs
>Court of Federal Claims Section
>U.S. Department of Justice
>Tax Division
>Post Office Box 26
>Ben Franklin Post Office
>Washington, D.C.  20044
>(202) 307-6440
>(202) 514-9440 (facsimile)