IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.05-1028 T

(Judge Marian Blank Horn)

ESTATE OF RANKIN M. SMITH, SR.,
SUNTRUST BANK, TAYLOR W. SMITH, and
RANKIN M. SMITH, JR., Co-Executors,

Plaintiffs

v.

THE UNITED STATES,

Defendant

DEFENDANT'S STATUS REPORT

Pursuant to the Court's order of June 9, 2006, the United States reports as follows:

The parties disagree as to whether there is a jurisdictional issue in this action. Defendant believes there is a jurisdictional issue because the assessed estate tax was not fully paid by plaintiff at the time the Complaint was filed. As support for this position, defendant relies upon the Certificate of Assessments and Payments ("transcript of account") for plaintiff which was prepared by the Internal Revenue Service. The plaintiff's transcript of account reflects an unpaid assessed estate tax liability of $4,276,648.61, which was outstanding on September 23, 2005, when plaintiff filed the Complaint in this action. Defendant's position, based upon *Flora v. United States*, 362 U.S. 145 (1960), is that this Court lacks jurisdiction over this action because

all assessed estate taxes were not paid prior to filing suit. It is defendant's position that plaintiff owes an additional $4,276,648.61 in estate tax.

The following is defendant's understanding of plaintiff's position: Plaintiff disagrees that there is a jurisdictional issue in this action. Plaintiff contends that the estate tax deficiency assessed on June 20, 2002, is defective and that the transcript of account is erroneous. Plaintiff contends that it incurred deductible administrative expenses and was entitled to a credit before suit was filed which would eliminate any outstanding tax liability. The administrative expenses claimed and the credit claimed were included in a claim for refund which was disallowed by the IRS. Plaintiff contends that it is entitled to reduce its estate tax liability by the amount of the disallowed administrative expense deductions and the disallowed credit. This, plaintiff contends, satisfied the full payment requirement of *Flora* at the time the Complaint was filed and no further tax is owed.

Plaintiff's contentions supporting its position that there is no jurisdictional defect are based on its arguments on the substantive issues (raised in the refund claim that was disallowed), over which the Court has no jurisdiction. In other words, plaintiff contends that the IRS's disallowance of the claimed deductions and credit was erroneous- - a substantive issue which this Court may address only if it first determines that it has jurisdiction.

Respectfully submitted,

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

June 30, 2006