IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ESTATE OF RANKIN M. SMITH, SR., SUNTRUST BANK, TAYLOR W. SMITH, and RANKIN M. SMITH, JR., Co-Executors, | ) | Case No. 05-1028 T |
| Plaintiff, | ) | Judge Marion Blank Horn |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

COMES NOW plaintiff, the Estate of Rankin M. Smith, Sr. (the "Estate"), by and through undersigned counsel, and moves this Court for an order compelling discovery from defendant, the United States. As grounds for this motion, plaintiff states as follows:

1. The Estate served a request for production of documents on government counsel (the "Request for Production") on June 9, 2006. Among the Estate's requests was a request for the computations already prepared by a Department of Justice computations specialist that counsel for the government had repeatedly agreed to provide to the Estate's counsel.

2. In its June 23, 2006 response to the Estate's Request for Production, the government did not produce the requested computations but instead indicated in its privilege log (docs. 7-12) that it was withholding the computations schedules on the ground that they are work product and, in two instances, also subject to the attorney-client privilege.

3. For the reasons set forth in the attached Memorandum in Support of Plaintiff's Motion to Compel Production of Documents, the government's privilege log fails to establish

that the computation schedules are either work product or privileged. To the contrary, the computation schedules are simply compilations of and calculations relating to facts, as demonstrated by the fact that government counsel previously agreed to provide these schedules to the Estate. Accordingly, the government's attempts to resist the production of the computation schedules must fail, and plaintiff's motion to compel should be granted.

WHEREFORE, the Estate moves this Court to enter an Order directing the government to produce the computation schedules forthwith.

Respectfully submitted,

s/ Judith Mather

Judith A. Mather (Attorney of Record)
Tel: (202) 776-2714
Fax: (202) 776-4714
Email: jmather@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036

Alex. L. Bertoldo (Of Counsel)
Tel: (202) 776-2045
Fax: (202) 776-4045
Email: abertoldo@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036

COUNSEL FOR PLAINTIFF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ESTATE OF RANKIN M. SMITH, SR., SUNTRUST BANK, TAYLOR W. SMITH, and RANKIN M. SMITH, JR., Co-Executors, | ) | Case No. 05-1028 T |
| Plaintiff, | ) | Judge Marion Blank Horn |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff, the Estate of Rankin Smith, Sr. (the "Estate"), has moved to compel production of computation schedules prepared by a Department of Justice ("DOJ") computations specialist in response to computations provided to the government by the Estate on April 20, 2006, in connection with the jurisdictional issue raised by the government. Notwithstanding that government counsel repeatedly told the Estate's counsel that the computations would be provided to the Estate, the government now has refused to produce the computations, claiming that they are work product or attorney-client communications. As demonstrated below, the government's privilege log fails to meet the government's burden of establishing that these computational schedules are either work product or privileged. To the contrary, these schedules simply contain facts and calculations prepared in response to the Estate's schedules that similarly presented facts and calculations. Government counsel recognized as much when she repeatedly agreed to provide them to the Estate's counsel. Because these schedules are neither work product nor privileged, the Estate's motion to compel should be granted.

FACTS

1. In a status conference with the Court on March 16, 2006, government counsel first informed the Estate that the Service's transcript of account, Form 4340, for the Estate reflected an outstanding balance of estate tax. Later that day, government counsel sent the Estate's counsel a copy of a Form 4340, dated October 13, 2005, showing an alleged balance of $4,276,648.61. Joint Status Report, ¶ 2, filed April 27, 2006 (Docket #15); Exhibit A (Form 4340). Although government counsel had received this transcript in October 2005, the government did not raise this allegation as a defense in its Answer filed on March 3, 2006, after having received several extensions on its answer totaling nearly 100 days, ostensibly to retrieve and examine the administrative file. See Answer (Docket #12).

2. Because of apparent irregularities in the Form 4340 received from government counsel, the Estate's counsel immediately retained Laura H. Peebles, CPA, PFS, Tax Director, Washington National Office of Deloitte Tax LLP, to review the transcript of account and to analyze and prepare a report on the Estate's tax liability. On April 20, 2006, the Estate's counsel provided government counsel with Deloitte's analysis and report, including a reconciliation of the entries on the Form 4340 with the payments made by the Estate, showing that the Estate's tax liability had been fully paid. Ex. B (Computations and Reconciliation Prepared by Laura H. Peebles, CPA, PFS).

3. After receiving Deloitte's analysis, government counsel informed the Estate's counsel that she was having a DOJ computation specialist prepare responsive computations that government counsel would then provide to the Estate's counsel for review and consideration in connection with attempting to resolve the jurisdiction issue. Government counsel requested an additional three weeks for the DOJ computations specialist to complete preparation of her

computations. The Estate's counsel, understanding that they would receive the computations, agreed to the three week extension in the Joint Status Report filed with the Court on April 27, 2006. (Docket #15).

4. Based on the government's privilege log, six computations schedules had been prepared by the government's computations specialist by May 2, 2006. Ex. C (Govt. Privilege Log, Docs. 7-12). Between April 27 and May 19, government counsel on several occasions continued to represent to the Estate's counsel that they would shortly receive the computation schedules. Notwithstanding these representations, on May 19, government counsel informed the Estate's counsel that she would not be providing the computations but instead would provide a declaration from the Service. Thereafter, the Estate's counsel was informed that they also would not be receiving the declaration.

5. The government's failure to provide the computations to the Estate's counsel was addressed during the conference before the Court on June 8. At the end of the conference, the Court directed the parties to exchange documents related to the jurisdictional issue by June 23. The Court also directed that counsel meet in-person (along with the substantive IRS personnel) no later than June 30 to discuss the parties' computations and to attempt to determine an amount that the Estate could pay so that the Court's jurisdiction would be uncontested after a brief dismissal. Order, dated June 9, 2006 (Docket # 18).

6. On June 9, the Estate served its request for production of documents on government counsel. Ex. D. The first numbered request expressly sought "[a]ll documents related to the computations, models, scenarios or any other analysis prepared by the defendant or the IRS after March 1, 2006, to determine the amount of the Estate's unpaid deficiency (if any) in federal estate tax . . . [including] those documents prepared by . . . Micheline M. Maritz," the

DOJ computations specialist whose computations the Estate had been told it would receive. On June 23, the government responded and withheld the computation schedules prepared by the DOJ computations specialist, which are the subject of this motion. The government's privilege log provides the following information with respect to the computation schedules:

| Docs. | Date | Description | Author | Recipient | W/H Entire | Privilege/Protection |
|---|---|---|---|---|---|---|
| 7 | 5/1/2006 | Draft Computation prepared for litigation of full payment issue | M. Maritz | J. Spriggs | X | Attorney/Client; Work Product |
| 8,9,10<br><br>12 | 5/1/2006<br><br>5/2/2006 | Draft Computation prepared for litigation of full payment issue | M. Maritz | J. Spriggs | X | Work Product |
| 11 | 5/1/2006 | Draft Computation prepared for litigation of full payment issue | M. Maritz | J. Spriggs<br>N. Hooten | X | Attorney/Client; Work Product |

7. To date, government counsel has failed to produce any computations responsive to the Deloitte computations provided to the government on April 20, 2006.

## ARGUMENT

The government's assertion that it need not produce the computational schedules previously promised to the Estate's counsel because they are purportedly work product and privileged must fail. Initially, as demonstrated below, the government's privilege log fails to support its claim of work product and attorney-client privilege for these computational schedules. These schedules in any event are neither work product nor privileged communications. To the contrary, the schedules are factual in nature, compilations of unprivileged facts, and were prepared to respond to the factual analysis and computations prepared for the Estate by Deloitte. It is highly unlikely the computations contain privileged communications or any mental impressions of government counsel. Indeed, government counsel

acknowledged as much when, for over two weeks after the schedules had been prepared, she continued to represent to the Estate's counsel that they would receive the schedules. The government's last-ditch effort to prevent disclosure of the schedules must fail, and the government should be directed to produce the schedules forthwith.

1. The Government's Privilege Log Does Not Support Non-Disclosure of the Computation Schedules.

The government claims that the work product doctrine protects all six computation schedules and the attorney-client privilege protects the computation schedules listed as documents 7 and 11 on the privilege log. But the government's privilege log fails to meet the government's burden of establishing the claimed privilege and protections. As the party asserting the privilege and protections, the government must "shoulder the burden of demonstrating that information is protected by the attorney-client privilege or the work product immunity doctrine." In re Priceline.com Securities Litigation, 233 F.R.D. 92, 94 (D. Conn. 2005). See also Energy Capital Corp. v. United States, 45 Fed. Cl. 481, 484 (2000) ("burden of establishing attorney-client privilege rests upon the party claiming privilege"). "The court must decide whether 'the description of each document and its contents is sufficiently detailed to allow the court to determine that the elements of attorney-client privilege have been established. Failing this, the documents must be produced." Pacific Gas & Elec. Co. v. United States, 69 Fed. Cl. 784, 812 (2006) (internal punctuation and citations omitted) (emphasis added).

The government's brief privilege log descriptions fail to demonstrate the applicability of the work product doctrine. To be protected by the work product doctrine, materials must be (1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; (3) by or for another party or by or for that other party's representative. RCFC Rule 26(b)(3). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged

area within which he can analyze and prepare his client's case." United States v. Nobles, 422 U.S. 225, 238 (1975). The document must have been prepared "principally or exclusively to assist in anticipated or ongoing litigation." Martin v. Valley Nat'l. Bank of Arizona, 140 F.R.D. 291, 304 (S.D.N.Y.1991). The work product doctrine extends to documents prepared by the attorney's agents *in anticipation of litigation*. Nobles, 422 U.S. at 238.

Here, the government gave each computation schedule the same description: "Draft Computation – prepared for litigation of full payment issue." This description fails to explain why the work-product doctrine might apply, and instead merely asserts that it does. Because the government fails to demonstrate that the work product doctrine applies, this Court should reject the government's claimed work product protection and require production of the computation schedules.

The privilege log descriptions also fail to show that two of the computation schedules, documents 7 and 11, are attorney-client communications. "Attorney-client privilege applies only to '(1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice.'" Ruran v. Beth El Temple of West Hartford, Inc., 226 F.R.D. 165, 168 (D. Conn. 2005) (citation omitted); see Upjohn v. United States 449 U.S. 383, 389 (1981) (overview of the attorney-client privilege). Here, the government's privilege log contains exactly the same description, author, and recipient (except document 11, which lists N. Hooten as an additional recipient) for all six computation schedules. The privilege log provides no explanation for why two of the six schedules are supposedly attorney-client privileged. For five of the six schedules, DOJ employees are both the author and recipient. In fact, there is no indication whatsoever that any of these schedules were themselves communications with the client. "The privilege only protects

disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney . . . ." Upjohn, 449 U.S. at 395 (emphasis added). The computation schedules prepared by a DOJ employee reflect calculations based on facts and intended for the Estate in the first place, not communications with the IRS.

As the government has failed to show that either work product or attorney-client privilege protections apply, the computation schedules should be produced.

2. The Government's Claim of Work Product and Privilege in Any Event Must Fail.

Additionally, the government's recent privilege claims are directly contrary to its prior agreement to disclose the computation schedules to the Estate's counsel. Government counsel undertook to have the computations prepared in response to the Deloitte analysis provided to her by the Estate's counsel on April 20, 2006. For that reason, government counsel stated that she would provide the computations to the Estate's counsel and the Estate's counsel repeatedly relied on that representation. Government counsel continued to represent that the computations were forthcoming well after May 1 and 2, the dates of the computation schedules, thus indicating that disclosure in fact would not reveal client confidences or counsel's work product. This is not surprising given that, as discussed above, the computations are simply compilations of fact.

It was only on May 19 that government counsel for the first time informed the Estate's counsel that she would not be producing the computation schedules but instead would provide a declaration from the Service on which she was working. Government counsel did not at that time claim that she was not providing the computations because they were work product or privileged; that rationale came only later when the Court ordered the exchange of documents relevant to the jurisdictional issue.

Accordingly, because (i) the government previously agreed to disclose the computations, (ii) the computations are factual, and (iii) the government has failed to demonstrate its recent claim that the computations are work product or privileged communications, the Estate's motion to compel should be granted and the government ordered to produce the computation schedules.

In the event the Court is not inclined to order production on the record as it now stands, the Estate would request, in the alternative, that the Court examine the computation schedules *in camera* and make the necessary privilege determinations. So doing would promote judicial economy and avoid additional unnecessary delay. See Pacific Gas & Elec. Co. v. United States, Nos. 04-74C, 04-75C, 2006 WL 1707241 (June 20, 2006) (in camera inspection used to determine privilege); Renda Marine, Inc. v. United States, 62 Fed. Cl. 371 (2004) (same); Vons Cos., Inc. v. United States, 51 Fed. Cl. 1 (2001) (same). "[W]hen the requested documents are few in number and of short length, . . . an examination of the documents themselves . . . will typically involve far less time than would be expended in presentation and evaluation of further evidence." Allen v. CIA, 636 F.2d 1287, 1298-99 (D.C. Cir. 1980), overruled on other grounds by Founding Church of Scientology of Wash., D.C., Inc. v. Smith, 721 F.2d 828 (D.C. Cir. 1983). Here, only six schedules are involved, making *in camera* inspection an appropriate alternative.

## CONCLUSION

For the foregoing reasons, the Estate prays that this Court grant its motion to compel production of the computation schedules prepared by the DOJ computations specialist and requested in the Estate's first Request for Production of Documents.

Respectfully submitted,

s/ Judith Mather

Judith A. Mather (Attorney of Record)
Tel: (202) 776-2714
Fax: (202) 776-4714
Email: jmather@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036

Alex. L. Bertoldo (Of Counsel)
Tel: (202) 776-2045
Fax: (202) 776-4045
Email: abertoldo@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036

COUNSEL FOR PLAINTIFF

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ESTATE OF RANKIN M. SMITH, SR., SUNTRUST BANK, TAYLOR W. SMITH, and RANKIN M. SMITH, JR., Co-Executors, | ) | Case No. 05-1028 T |
| Plaintiff, | ) | Judge Marion Blank Horn |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**ORDER**

Upon consideration of Plaintiff's Motion to Compel Production of Documents, and being fully advised in the premises, it is hereby

ORDERED that Plaintiff's Motion to Compel be, and the same hereby is, GRANTED; and

ORDERED that defendant shall forthwith provide to counsel for plaintiff those certain computations schedules prepared by the Department of Justice computations specialist and listed as documents numbered 7 through 12 on defendant's privilege log provided to plaintiff on June 23, 2006.

Dated: ______________________

______________________
Judge Marion Blank Horn

CERTIFICATE OF SERVICE

I hereby certify that I have caused a copy of the foregoing *Motion to Compel Production of Documents, Memorandum in Support of Plaintiff's Motion to Compel Production of Documents and proposed Order* to be filed with the ECF System of the United States Court of Federal Claims this 5th day of July 2006, with Notice of Electronic Filing to be made on all case participants who are ECF filing users in compliance with the service requirements of RCFC 5 and the proof of service requirements of RCFC 5.1, as provided in United States Court of Federal Claims General Order No. 42A. I am not aware of any case participants who are not ECF filing users of this Court.

s/ Judith Mather

Judith A. Mather (Attorney of Record)
Tel: (202) 776-2714
Fax: (202) 776-4714
Email: jmather@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036