IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ESTATE OF RANKIN M. SMITH, SR., SUNTRUST BANK, TAYLOR W. SMITH, and RANKIN M. SMITH, JR., Co-Executors, | ) | Case No. 05-1028 T |
| Plaintiff, | ) | Judge Marion Blank Horn |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**APPENDIX OF EXHIBITS**
**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

| | |
|---|---|
| Exhibit A | Form 4340 – Certificate of Assessments, Payments, and Other Specified Matters |
| Exhibit B | Computations and Reconciliation Prepared by Laura H. Peebles, CPA, Deloitte Tax LLP |
| Exhibit C | Government Privilege Log |
| Exhibit D | Plaintiff's Requests for Production of Documents |

# EXHIBIT A

# United States of America

**Department of the Treasury**
**Internal Revenue Service**

Date: October 13, 2005

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: Certificate of Assessments and Payments is an exact transcript of the account of the taxpayer named therein, in respect to the taxes specified and for the period specified. All assessments, penalties, interest, abatements, credits, and refunds relating thereto, as disclosed by the records of this office as of the date appearing on said certificate are shown therein. I further certify that I have legal custody of certain Federal tax returns, transcripts of accounts, and other accounting records established and maintained by the Internal Revenue Service pursuant to authority derived under the Internal Revenue Code (United States Code, Title 26), and that the annexed certificate is a true transcript made from such records; consisting of 5 page(s) under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Operations Manager, Accounting Control/Services
Internal Revenue Service
Submission Processing Center
Atlanta, Georgia

Catalog Number 19002E

Form 2866 (Rev. 09-1997)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

RANKIN M SMITH SR ESTATE
SUNTRUST BANK ATLANTA

EIN/SSN: 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V

TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706 TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 02-01-1999 | RETURN FILED<br>07506-051-00000-9 199909 | 9,750,765.42 | | 03-15-1999 |
| 07-29-1998 | SUBSEQUENT PAYMENT | | 703,597.00 | |
| 08-31-1998 | EXTENSION OF TIME TO FILE<br>EXT. DATE 01-26-1999 | | | |
| | RESTRICTED INTEREST<br>ASSESSED<br>199928 | 723,205.42 | | 07-26-1999 |
| | ADDITIONAL TAX ASSESSED<br>07554-583-18001-9 199928 | 0.00 | | 07-26-1999 |
| 08-02-1999 | SUBSEQUENT PAYMENT | | 325,443.00 | |
| 07-27-1999 | AMENDED RETURN FILED<br>07506-219-02210-9 | | | |
| | ADDITIONAL TAX ASSESSED<br>07554-677-15101-9 199941 | 0.00 | | 10-25-1999 |
| | RESTRICTED INTEREST<br>ASSESSED<br>200032 | 813,237.55 | | 08-21-2000 |

# CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

RANKIN M SMITH SR ESTATE EIN/SSN: 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V
SUNTRUST BANK ATLANTA

TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706 TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | ADDITIONAL TAX ASSESSED 07554-615-18000-0 200032 | 0.00 | | 08-21-2000 |
| 08-01-2000 | SUBSEQUENT PAYMENT | | 723,206.00 | |
| | RESTRICTED INTEREST ASSESSED 200131 | 840,361.74 | | 08-13-2001 |
| | ADDITIONAL TAX ASSESSED 07554-601-18001-1 200131 | 0.00 | | 08-13-2001 |
| 07-26-2001 | SUBSEQUENT PAYMENT MISCELLANEOUS PAYMENT | | 840,361.74 | |
| 03-01-2002 | SUBSEQUENT PAYMENT | | 19,290,867.00 | |
| | RESTRICTED INTEREST ASSESSED 200225 | 388,153.22 | | 07-01-2002 |
| | ADDITIONAL TAX ASSESSED 07554-558-18100-2 200225 | 0.00 | | 07-01-2002 |

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

RANKIN M SMITH SR ESTATE
SUNTRUST BANK ATLANTA

EIN/SSN: 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V

TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706 TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| 07-01-2002 | INTEREST DUE TAXPAYER | | 175,620.82 | |
| 07-01-2002 | REFUND | | (9,543,372.21) | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT DEFICIENCY PER DEFAULT OF 90 DAY LETTER 17547-584-00116-2 200228 | 0.00 | | 07-22-2002 |
| | QUICK ASSESSMENT 49551-171-13000-2 | 13,644,400.00 | | 06-20-2002 |
| 07-01-2002 | INTEREST DUE TAXPAYER REVERSED | | (175,620.82) | |
| 07-01-2002 | CANCELED REFUND CHECK | | 9,543,372.21 | |
| 09-20-2002 | INSTALLMENT/MANUAL BILLING | | | |
| 05-19-2003 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 07-01-2002 | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT, CLOSED TO APPEALS PRIOR TO 90 DAY LETTER 17547-610-10001-3 200332 | 0.00 | | 08-18-2003 |

# CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

RANKIN M SMITH SR ESTATE EIN/SSN: 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V
SUNTRUST BANK ATLANTA

TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706 TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|---|---|---|---|---|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW 49547-482-70000-5 200513 | 0.00 | | 04-11-2005 |
| 04-11-2005 | RENUMBERED RETURN 49547-482-70000-5 | | | |
| 07-27-2005 | INSTALLMENT/MANUAL BILLING DEFAULT | | | |
| 06-20-2002 | Statutory Notice of Balance Due | | | |
| 08-26-2002 | Statutory Notice of Intent to Levy | | | |
| 07-27-2005 | Statutory Notice of Balance Due | | | |
| 09-26-2005 | Statutory Notice of Intent to Levy | | | |

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS

RANKIN M SMITH SR ESTATE
SUNTRUST BANK ATLANTA

EIN/SSN: 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V

TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706 TAX PERIOD:

BALANCE 4,276,648.61

I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED, AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN. I FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.

SIGNATURE OF CERTIFYING OFFICER: Kathleen R. Bushnell

PRINT NAME:

TITLE: Operations Manager, Accounting Control/Services

DELEGATION ORDER: 198

LOCATION: INTERNAL REVENUE SERVICE
DORAVILLE, GA

ACCOUNT STATUS DATE 10/12/2005

# EXHIBIT B

Deloitte.

Deloitte Tax LLP
Suite 500
555 12th Street N.W.
Washington, DC 20004-1207
USA

Tel: +1 202 879 5600
Fax: +1 202 879 5309
www.deloitte.com

April 19, 2006

Ms. Judith Mather
Dow, Lohnes & Albertson, PLLC
1200 New Hampshire Avenue, N.W.
Suite 800
Washington DC 20036-6802
USA

Dear Ms. Mather:

Please find enclosed our calculations of Federal Estate Tax for the Estate of Rankin Smith, Sr., taking into account the deduction for the payments of Section 6166 interest made by the estate in 1998, 1999 and 2000, the IRS audit assessment of additional tax due, and the Georgia state death tax credit shown on the official Georgia certificate. The calculations include a reconciliation of the balance shown on the Internal Revenue Service transcript to our estate tax calculations.

If you have any questions, please call me at (202) 879-5320.

Sincerely,

Laura Peebles

Director

enclosure

'repared by: Deloitte Tax LLP
04/19/06

See Attached Letter

# Estate of Rankin M. Smith, Sr.

## Reconciliation of Tax

## Calculation to Federal Transcript

| | | | | |
|---|---|---|---|---|
| 'otal Underpayment per IRS Transcript | | | | $4,276,649 |
| nterest Underpayment per Transcript: | Assessed | Paid | Difference | |
| 1999 | $723,205 | $325,443 | $397,762 | |
| 2000 | $813,238 | $723,206 | $90,032 | |
| 2001 | $840,362 | $840,362 | $0 | |
| 2002 | $388,153 | $0 | $388,153 | |
| Total Interest Adjustment | | | | ($875,947) |
| 'ax Underpayment per Transcript: | Assessed | Paid | Difference | |
| 1998 | $0 | $703,597 | ($703,597) | |
| 1999 | $9,750,766 | $0 | $9,750,766 | |
| 2002 | $13,644,400 | $19,290,867 | ($5,646,467) | |
| | | | | $3,400,702 |
| teduction in Tax Due as a Result of Deductible 6166 Interest Payments | Paid | Resulting Tax Reduction | | |
| Posted on IRS Transcript as paid by Estate on 8/2/99 | ($325,443) | ($178,994) | | |
| Posted on IRS Transcript as paid by Estate on 8/1/00 | ($723,260) | ($397,793) | | |
| Posted on IRS Transcript as paid by Estate on 7/26/01 | ($840,361) | ($462,199) | | |
| Total 6166 Adjustment | | | | ($1,038,985) |
| teduction for State Death Tax Credit | | | | |
| State Death Tax Credit (credited prior to Notice of Deficiency) | | $3,096,940 | | |
| Total Georgia State Death Tax Credit (per corrected certification dated 4/23/02) | | $5,964,186 | | |
| State Death Tax Credit Adjustment | | | | ($2,867,246) |
| 'ederal Tax Balance Per Deloitte Calculations | | | | ($505,529) |

'repared by: Deloitte Tax LLP
04/19/06

See Attached Letter

# Estate of Rankin M. Smith, Sr.
## Calculation of Amount Necessary to Satisfy
## Federal Estate Tax Liability

| | | | | |
|---|---|---|---|---|
| 'axable Estate as Filed (line 3 of IRS Form 706) | | | $22,688,376 | |
| 'ost 1976 Adjusted Taxable Gifts as Filed (line 4 of IRS Form 706) | | | $827,859 | |
| .djustments (per Notice of Deficiency) | | | $24,808,000 | |
| 'axable Estate/Adjusted Taxable Gifts as Revised (per Notice of Deficiency) | | | $48,324,235 | |
| 'otal Federal Estate Tax as filed (line 14 of IRS Form 706) | | 12,847,706 | | |
| 'lus: Additional Assessment (per Notice of Deficiency) | | 13,644,400 | | |
| 'otal Estate Tax Due (per line 7 of Notice of Deficiency) | | 26,492,106 | | |
| ess deductible 6166 interest payments: | Posted on IRS Transcript as paid by Estate on 8/2/99 | | ($325,443) | |
| | Posted on IRS Transcript as paid by Estate on 8/1/00 | | ($723,260) | |
| | Posted on IRS Transcript as paid by Estate on 7/26/01 | | ($840,361) | |
| 'axable Estate as reduced by deductible Section 6166 interest payments | | | $46,435,171 | |
| 'otal Estate Tax Due (giving effect to deductible Section 6166 Payments) | | | $25,453,121 | |
| | | | | Calculated Maximum State Death Tax Credit |
| .ess: State Death Tax Credit (per corrected GA certification dated 4/23/02) | | | ($5,964,186) | 6,763,970 |
| .ess: Posted on IRS Transcript as paid by Estate on 7/26/98 | | | ($703,597) | |
| .ess: Posted on IRS Transcript as paid by Estate on 3/1/02 | | | ($19,290,867) | |
| Federal Tax Balance: | | | ($505,529) | |

# EXHIBIT C

Estate of Rankin M. Smith Sr. v. United States, Fed. Cl. 05-1028 T
Privilege Log

| Document | Date | Description | Author | Recipient | W/H Entire | Privilege/Protection |
|---|---|---|---|---|---|---|
| 1 | 4/25/2006 | Letter - IRS defense recommendation re: jurisdiction | L. Urich | J. Spriggs | X | Attorney/Client, Work Product |
| 2 | 4/26/2006 | Letter from IRS re: jurisdictional issue | N. Hooten | J. Spriggs | X | Attorney/Client; Work Product |
| 3 | 5/16/2006 | Letter - IRS suppl. Defense recommendation re: jursidiction | J. Feldman | J. Spriggs | X | Attorney/Client; Work Product |
| 4 | 5/18/2006 | Memo - IRS suppl. Views re: jurisdiction | T. McDonald | J. Spriggs, P. Mable, L. Urich | | |
| | | | | B. Rollins | X | Attorney/Client; Work Product |
| 5 | 5/18/2006 | Memo - IRS suppl. Views re: jurisdiction | P. Mable | J. Spriggs | X | Attorney/Client; Work Product |
| 6 | 5/20/2006 | Draft Declaration - prepared by IRS re: litigation | T. McDonald | J. Spriggs, P. Mable, | | |
| | | | | L. Urich, J. Feldman | X | Attorney/Client; Work Product |
| 7 | 5/1/2006 | Draft Computation prepared for litigation of full payment issue | M. Maritz | J. Spriggs | X | Attorney/Client; Work Product |
| 8 | 5/1/2006 | Draft Computation prepared for litigation of full payment issue | M. Maritz | J. Spriggs | X | Work Product |

DEFENDANT'S EXHIBIT A
PENGAD-Bayonne, N. J.

Estate of Rankin M. Smith Sr. v. United States, Fed. Cl. 05-1028 T
Privilege Log

| | | | | | | |
|---|---|---|---|---|---|---|
| 9 | 5/1/2006 | Draft Computation prepared for litigation of full payment issue | M. Maritz | J. Spriggs | X | Work Product |
| 10 | 5/1/2006 | Draft Computation prepared for litigation of full payment issue | M. Maritz | J. Spriggs | X | Work Product |
| 11 | 5/1/2006 | Draft Computation prepared for litigation of full payment issue | M. Maritz | J. Spriggs, N. Hooten | X | Attorney/Client; Work Product |
| 12 | 5/2/2006 | Draft Computation prepared for litigation of full payment issue | M. Maritz | J. Spriggs | X | Work Product |

# EXHIBIT D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ESTATE OF RANKIN M. SMITH, SR., SUNTRUST BANK, TAYLOR W. SMITH, and RANKIN M. SMITH, JR., Co-Executors, | ) | Case No. 05-1028 T |
| Plaintiff, | ) | Judge Marion Blank Horn |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff, by and through counsel, hereby requests that the defendant United States of America produce for inspection and copying the following documents on or before June 23, 2006, at the offices of Dow Lohnes PLLC, 1200 New Hampshire Ave., N.W., Suite 800, Washington, D.C. 20036-6802.

**DEFINITIONS**

1. "Defendant," "you," or "your" mean and includes the United States, its employees, officers, officials, agents, representatives, attorneys, experts, or anyone acting or purporting to act on behalf of any of the foregoing.

2. "IRS" refers to the United States Internal Revenue Service.

3. "Estate" refers to the estate of Rankin M. Smith, Sr., and shall include the Estate's representatives (including SunTrust Bank) as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside the scope.

4. "Form 4340" refers to the Certificate of Assessments and Payments for the Estate (also known as the official transcript of account), provided on March 16, 2006 by the U.S. Department of Justice attorney who is representing the United States.

5. The terms "document" or "documents" are used in their customary and broad sense and include but are not limited to the original and any draft or copy, regardless of origin or location, of any printed, written, graphic, mechanical, electronic, or magnetic record or recording of any information of any kind, including but not limited to any electronic mail, computer data files, computer disc, other computer-generated or computer-stored information, agreement, book, letter, memorandum, correspondence, contract, telegram, report, pamphlet, note, message (including any report, note, or memorandum of any telephone conversation or conference), calendar or diary entry, minutes of any meeting, record of an oral conversation, audio or video tape recording, invoice, account, check, receipt, notebook, ledger, press release, circular, working paper, microfilm or microfiche, regardless of whether designated "confidential," "privileged" or otherwise.

6. "Transmit" or "transmittal" mean the recording, transmission, giving, receiving or exchanging of information or data of any kind by any means whatsoever, including but not limited to document(s) as that term is defined above.

7. "Relating to" means about, alluding to, analyzing, being, commenting on, concerning, constituting, evidencing, describing, discussing, in connection with, in respect of, mentioning, reflecting, regarding, responding to, showing or supporting.

8. "Possession, custody or control" includes individual, joint or several possession, custody or control, not only by the defendant or person answering this discovery request on behalf of the defendant, but also individual, joint or several possession, custody or control by any

other person acting or purporting to act on behalf of the defendant, whether as an agent, as an employee, as a consultant, as an accountant, as an attorney or in any other capacity.

## INSTRUCTIONS

1. Each of the following document requests seek documents in your possession, custody or control (including individual, joint or several possession, custody or control).

2. Use of the singular form of any word includes the plural and vice versa. Use of a masculine, feminine or neutral pronoun includes all genders appropriate to the context. The past tense includes the present tense and vice versa where the clear meaning is not distorted by change of tense.

3. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of these requests any documents that might otherwise be construed to be outside the scope.

4. Each document furnished in response to these requests for production is to be produced as it is kept in the usual course of business or shall be organized and labeled to correspond with each paragraph in the request for production.

5. If any document, or portion thereof, is withheld under a claim of privilege, furnish the non-privileged portion of the document, if any, and describe each document or the portion of each document for which privilege is claimed, including the following information:

   a. author;

   b. name and job title of each recipient and person to whom a copy was furnished;

   c. date of the document;

   d. description of the document, including subject matter;

e. basis on which privilege is claimed; and

f. the request for production to which such document is responsive.

6. If any requested document has been destroyed, discarded or is otherwise no longer in existence, please state:

a. author;

b. date of the document;

c. description of the document, including subject matter;

d. the date it was destroyed, discarded or discovered no longer to be in existence; and

e. the reason it was destroyed, discarded or is no longer in existence.

7. The defendant shall produce all documents that respond in whole or in part to each discovery request, and all such documents shall be produced in their entirety, including all attachments and disclosures.

8. In the event that more than one copy of a document exists, the original shall be produced, as well as every copy containing any notations or markings of any sort not apparent on the original. Any document kept in files in the ordinary course of business shall be produced in the files or in a manner that preserves and indicates the files from which such document was taken.

9. If you encounter any ambiguity in construing either a document request or a definition or instruction relevant to a document request, you shall construe the request in the broadest manner reasonably calculated to lead to information relevant to any issues or potential issues in the case.

10. Pursuant to Rule 26(e) of the RCFC, these document requests are continuing, so as to require prompt supplementation of responses to these requests if additional documents (or

information related thereto) are obtained or discovered subsequent to the time documents are produced or responses served.

**REQUESTS FOR PRODUCTION**

1. All documents related to the computations, models, scenarios or any other analysis prepared by the defendant or the IRS after March 1, 2006, to determine the amount of the Estate's unpaid deficiency (if any) in federal estate tax. These requested documents include, but are not limited to, those documents prepared by the following persons:

   a. Micheline M. Maritz, and other personnel of the U.S. Department of Justice; and

   b. personnel of the IRS National Office, the IRS Office of Chief Counsel, the Area Counsel for the IRS in Atlanta, or any other IRS personnel.

2. All documents related to the state death taxes paid by the Estate, including, but not limited to, the following:

   a. documents received by the IRS related to the substantiation of the state death taxes paid by the Estate, including any certifications, letters, or other documents received by the IRS from the states of Georgia or Florida, or from the Estate;

   b. documents relating to any transmittals by the IRS to the Estate regarding the substantiation of state death taxes paid; and

   c. documents related to the provisions contained in the "Computation of Estate Tax Deficiency" (attached to the Statutory Notice of Deficiency issued to the Decedent's Estate on January 25, 2002), which (i) granted a state death tax credit under 26 U.S.C. § 2011 in the amount of $3,096,940 for state death taxes paid by the Estate and (ii) provided that an additional amount of credit for payment of state

death taxes in the amount of $3,969,280 would be granted upon substantiation of payment by the Estate.

3. All documents relating to any determination with respect to deductions for interest payments made by the Estate pursuant to its election under 26 U.S.C. § 6166, including, but not limited to, the following:

   a. documents received by the IRS from the Estate regarding interest payable by the Estate pursuant to its election under 26 U.S.C. § 6166;

   b. documents relating to any transmittals by the IRS to the Estate regarding interest payable by the Estate pursuant to its election under 26 U.S.C. § 6166, as well as documents relating to setting up an account to bill the Estate for such interest payments; and

   c. documents relating to any determination of whether to allow or disallow deductions for interest payments made by the Estate pursuant to its election under 26 U.S.C. § 6166.

4. All documents related to the assessment described on Form 4340 as made on June 20, 2002, against the Estate in the amount of $13,644,400, including, but not limited to, the following:

   a. the Summary Record of Assessment (also known as the 23C or RACS 006), and all supporting documents, including those documents corresponding to DLN 49551-171-13000-2 (as listed on the Form 4340 for the quick assessment allegedly made on June 20, 2002);

b. documents evidencing that the IRS officer who signed the Summary Record of Assessment possessed the requisite authority to make the assessment, including any relevant delegation of authority; and

c. documents relating to the alleged extension of the ASED (Assessment Statute Expiration Date) to July 1, 2002, entered on the Form 4340 on May 19, 2003, and described as "Assessment Statute Expir [sic] Date Extend to 07-01-2002."

5. All documents relating to the allocation between tax (principal) and interest of the payments received from the Estate, including, but not limited to, documents relating to the IRS's determination that the entire $4,276,648.61 shown as the balance on page 5 of the Form 4340 represents tax (and not interest).

Respectfully submitted,

Judith A. Mather
Tel: (202) 776-2714
Fax: (202) 776-4714
Email: jmather@dowlohnes.com
DOW LOHNES PLLC
Suite 800
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036

COUNSEL FOR THE PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing *Plaintiff's Requests for Production of Documents* to be served on Jennifer Spriggs, counsel for the defendant United States, by depositing a copy in the U.S. Mail, first class postage pre-paid, this 9th day of June, 2006, to the address set forth below and, in addition, I have caused a copy to be sent by facsimile transmission to the telephone number set forth below:

JENNIFER DOVER SPRIGGS
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044

Facsimile:(202) 514-9440

Judy Mather

Judith A. Mather
Tel: (202) 776-2714
Fax: (202) 776-4714
Email: jmather@dowlohnes.com
DOW LOHNES PLLC
Suite 800
1200 New Hampshire Ave., N.W.
Washington, D.C. 20036