# In The United States Court of Federal Claims

* * * * * * * * * * * * * * * *
ESTATE OF RANKIN M. SMITH, SR., et al., *
Plaintiffs, *
v. *
UNITED STATES, *
Defendant. *
* * * * * * * * * * * * * * * *

**No. 05-1028T**
**Filed: July 6, 2006**

**O R D E R**

The court held a status conference in the above-captioned case on July 6, 2006, with the parties appearing in person. The plaintiffs' July 7, 2006 motion to compel production of computations by a Department of Justice computations specialist was discussed with the parties, with the court's decision on the motion deferred. Instead, the court asked the DOJ attorneys to review the defendant's decision to invoke work product and attorney client privileges, not only as to whether the privileges properly may be asserted, but also as to whether the privileges should be asserted, or, whether sharing the computations would assist in moving this case forward.

The court's order of June 9, 2006 directed the parties, along with Internal Revenue Service personnel, to consult on the jurisdictional issues and report back to the court in a joint status report. Although previously ordered, no joint status report was filed by the parties, nor does the court believe that meaningful consultations or discussions between the parties occurred. Defendant's June 30, 2006 motion to file a separate status report is **DENIED**, and the parties' separate status reports rejected. As discussed with the parties, during the week of **July 10, 2006**, the parties shall meet in person and engage in meaningful consultations on the jurisdictional issues. In addition to the attorneys of record, IRS personnel who can advance the discussion shall attend the meeting during the week of July 10, 2006. Supervisory personnel at the DOJ, as discussed at the status conference, shall either attend or be telephonically available during the meeting to assist. On or before **Monday, July 17, 2006**, the parties shall file a joint status report reflecting the results of their consultations/discussions. If the parties remain in disagreement on the jurisdictional issue after the above events have transpired, the court reminds the parties of the briefing **SCHEDULE** established in the court's order of June 9, 2006. On or before **Wednesday, July 19, 2006**, defendant shall file its opening brief on the jurisdictional issue. On or before **Wednesday, August 2, 2006**, plaintiff shall file its response brief. On or before **Wednesday, August 9, 2006**, defendant may file a reply brief, if deemed necessary. If a reply brief is unnecessary, defendant shall file a notice so indicating, on or before **Wednesday, August 9, 2006**.

Statutes or regulations cited in briefs shall include the dates of the appropriate version. If cited material is not easily found through electronic search engines, the material shall be included in an appendix to briefs. Acronyms used in briefs will be explained. The parties shall make every attempt to simplify and explain their arguments and the tax concepts employed. For any figures used, identify the components and show the derivation of the figures so the court can audit, and replicate, the same computation. Do not round figures off. Compute them to the penny, and show how they were computed (that is, what figures were added or subtracted). On citations to the Internal Revenue Code, give full citations at least for the first mention of the statute, and always include specific sections and subsections of the statute.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**