IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ESTATE OF RANKIN M. SMITH, SR., SUNTRUST BANK, TAYLOR W. SMITH, and RANKIN M. SMITH, JR., Co-Executors, | ) | Case No. 05-1028 T |
| Plaintiff, | ) | Judge Marian Blank Horn |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

PURSUANT to the Court's Order dated July 6, 2006, counsel for the plaintiff, the Estate of Rankin M. Smith, Sr. (the "Estate"), and counsel for the defendant, the United States of America, hereby submit the parties' joint status report.

1. At a hearing on July 6, 2006, and as reflected in the Court's July 6 Order, the Court directed counsel for the parties to meet in person during the week of July 10, along with IRS personnel who could advance the discussions, to engage in meaningful consultations on the jurisdictional issues in dispute.

2. In accordance with the Court's Order, Jennifer Spriggs and Steven Frahm, counsel for the United States, met with Judith Mather and Alex Bertoldo, counsel for the Estate, on July 13. Also present at the meeting were Ronald Kalas, the Acting Manager of the IRS Estate and Gift Tax Section in Atlanta, Georgia; Micheline Maritz, the computations specialist for the Department of Justice; and Laura Peebles, CPA/PFS, the estate tax specialist retained by

the Estate from Deloitte Tax LLP.

3. At the meeting, counsel for the Estate presented two procedural options for adjusting the IRS calculation of estate tax, after voluntary dismissal, to take into account (a) the state death tax credit for payments made to the State of Georgia as a result of the IRS's increase to the value of the gross estate in its statutory notice of deficiency, and (b) the deductions for payments of interest made by the Estate pursuant to its election under IRC section 6166 to pay the estate tax in installments: On the one hand, the IRS could reconsider the portion of the Estate's prior claims for refund related to the proper amount of the state death tax credit and deductions for section 6166 interest payments made by the Estate, and make a corresponding abatement of taxes. In the alternative, the IRS could consider the outstanding claim for credit of state death taxes paid and the deduction for section 6166 interest paid by the Estate, and make the corresponding abatement to the Estate's tax. The option of the Estate paying the $4.2 million balance on the transcript and filing a new claim for refund, proposed by Marc Sigalow of the IRS at the June 27, 2006 meeting, also was addressed.

4. Presented below is each party's summary report of the meeting:

4.a. <u>Report of the Estate</u>.

In the course of the meeting, counsel for the parties discussed these various options. Mr. Kalas of the IRS informed counsel for the Estate that, in his opinion, the amount of tax assessed against the Estate could not in any event be adjusted after the passing of the ninety-day period that followed the January 25, 2002, issuance of a statutory notice of deficiency to take into account a credit for the additional state death taxes paid to the State of Georgia in March 2002.

With respect to Mr. Sigalow's proposal that the Estate pay the $4.2 million balance on the transcript and file a new claim for refund claiming the additional state death tax credit and deductions for IRC § 6166 interest payments, Mr. Kalas stated that the new claim would likely be forwarded to his office for decision. Mr. Kalas stated he would likely deny such a claim because the taxpayer was still disputing the IRS's increase to the value of the Estate.

With respect to the Estate's procedural proposals under which the IRS would reconsider the prior claims for refund or consider outstanding claims for credit of the state taxes and the proper amount of deductions for section 6166 interest payments, Mr. Kalas stated that a definitive determination on whether to allow these adjustments under such procedures would not be made by his office. Rather, these issues would be decided by the IRS Appeals Office in St. Louis, Missouri, the office that decided the prior claims, and it would be up to the St. Louis office whether they would exercise discretion to consider and make the adjustments.

Mr. Frahm stated that he had not been aware of this prior to the meeting. As a result, counsel for the Estate requested that Mr. Frahm contact the IRS Appeals Office in St. Louis and confer with them to determine whether they would be prepared to reconsider the state death tax credit and interest adjustments, and he agreed to do so.

4.b. <u>Report of the United States</u>.

In the course of the meeting, counsel for the parties discussed these various options. The meeting was useful and thorough. Counsel for the parties also discussed potential avenues through which plaintiff might present to the IRS its claims for a possible administrative reduction of plaintiff's assessment. As a result of those discussions, defendant's attorney of record will endeavor to assist plaintiff's counsel in locating the appropriate IRS office (whether

St. Louis Appeals or other appropriate office) where plaintiff may be able to present its position to the IRS. Although defendant's attorneys have no authority over the IRS, they will informally urge that office to carefully consider plaintiff's claim.

5. Counsel for defendant also indicated that the United States would proceed with filing its Motion to Dismiss the Estate's refund suit next week in accordance with the briefing schedule set by this Court. Counsel for the Estate agreed that the parties should proceed to brief their positions in the filing of a motion to dismiss.

6. During the meeting, counsel for the Estate also requested an update as to the production of the Summary Record of Assessment (Form 23C) requested by the Estate in its Requests for Production of Documents served on June 9. Counsel for defendant indicated that the IRS advised that an IRS estate tax computation specialist at the Cincinnati Service Center had requested the Form 23C on an expedited basis in June of 2006. An IRS attorney in Atlanta is following up to determine the time frame for production of the Form 23C.

WHEREFORE, the parties request:

That this status report be accepted by the Court.

Respectfully submitted,

s/ Judith Mather
Judith A. Mather (Attorney of Record)
Tel: (202) 776-2714
Fax: (202) 776-4714
Email: jmather@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036

Alex. L. Bertoldo (Of Counsel)

Tel: (202) 776-2045
Fax: (202) 776-4045
Email: abertoldo@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036

ATTORNEYS FOR PLAINTIFF

s/Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840,
(202) 514-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

ATTORNEYS FOR DEFENDANT

Dated: July 17, 2006