IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.05-1028 T

(Judge Marian Blank Horn)

ESTATE OF RANKIN M. SMITH, SR.,
SUNTRUST BANK, TAYLOR W. SMITH, and
RANKIN M. SMITH, JR., Co-Executors,

Plaintiffs

v.

THE UNITED STATES,

Defendant

# MOTION OF THE UNITED STATES TO DISMISS THE COMPLAINT

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), the United States respectfully moves the Court to dismiss the complaint in this action on the ground that the Court lacks jurisdiction over the subject matter in that the Estate failed to fully pay the estate taxes that have been assessed before filing suit.

## STATEMENT OF THE CASE

The Estate brings its complaint before this Court seeking a refund of federal estate tax in the amount of $17,000,000, plus interest and costs. (Compl).

The Estate was granted an extension of time until January 26, 1999, to file its United States Estate Tax Return (Form 706). (*See* Def Ex. 1.)[1] Pursuant to the extension of time, on January 26, 1999, the Estate filed its Form 706 and reported a federal estate tax liability of $9,750,765. (Compl. ¶ 6, Def. Ex. 1.) The Estate elected under I.R.C. § 6166 to defer payment of the entire estate tax liability by paying it in ten annual installments. (*Id.* at ¶ 7.) The Estate's principal asset was shares of stock in the Five Smiths, Inc., ("FSI") a closely held family corporation that owned and operated the Atlanta Falcons football team. (Compl. ¶ 17.) FSI owned and operated the Atlanta Falcons football franchise from 1965 until the sale of the football team in 2002. (Compl. ¶ 18.) Pursuant to I.R.C. § 6166(g), the sale of the Atlanta Falcons football team terminated the Estate's eligibility to elect to pay its estate tax in installments.

The Estate filed a claim for refund on January 25, 2002, reducing the value of the estate that it had previously reported on the return and seeking a refund of estate tax in the amount of $5,478,849.74, plus interest. (Compl. ¶ 9) In this claim, the Estate protectively sought a deduction for the total interest that the estate would pay on the deferred estate tax, after the issue raised in the refund claim was resolved. (Id. at Ex. C.) In the January 25, 2002 claim, the Estate also protectively sought a credit against its estate tax liability for the full amount of the state death tax credit that is ultimately determined to be appropriate. (*Ibid*.)

[1] The Declaration of Jennifer Dover Spriggs and defendant's Exhibit 1 are attached hereto.

During the period July 26, 1999, through August 13, 2001, the Internal Revenue Service ("IRS") assessed restricted interest on the deferred estate tax liability totaling $2,376,804.71 During that same period, the estate made payments totaling $1,889,010.74 (Def. Ex. 1, pp. 1-2.)

The IRS audited the estate tax return, and on January 25, 2002, issued a Notice of Deficiency ("90-Day Letter")[2], asserting a deficiency in estate tax of $13,644,400. (Compl. Ex. D.) The Estate did not file a petition with the Tax Court for redetermination of the deficiency.[3] Instead, on March 1, 2002, the Estate made an additional payment of $19,290,867.00. (Def. Ex. 1, p. 2; *see* Compl. ¶ 11.) The IRS then assessed the additional $13,644,400 in estate tax on June 20, 2002, pursuant to the Notice of Deficiency. This assessment is reflected on the Certificate of Assessments, Payments, and Other Specified Matters ("Certificate of Assessments and Payments") for the Estate's IRS account. (Def. Ex. 1, p.3.) On July 1, 2002, the IRS assessed an additional $388,153.22 in restricted interest. (Def. Ex. 1, p. 2.) The Estate made no more payments after the payment on March 1, 2002. (Def. Ex. 1.)

On or about September 13, 2002, the Estate filed a second claim for refund in the amount of $12,591,295, plus interest. (Compl. ¶ 12.) The second claim for refund stated that it fully incorporated the first claim. (*Ibid*.) The primary issue addressed in the second claim for refund is the franchise value of the Atlanta Falcons football team. (Compl. ¶12, Ex. E.) The second claim also protectively claimed a deduction for the full amount of interest on the amount of the

---

[2] A Notice of Deficiency is colloquially referred to as a "90-Day Letter" because it notifies a taxpayer that the taxpayer may request a redetermination of the deficiency by filing a petition with the United States Tax Court within 90 days of the mailing of the Notice. (*See* Compl. Ex. D.) In this case, the Estate would have had 90 days from January 25, 2002–that is, April 15, 2002–in which to file such a petition.

[3] The Estate does not allege that it filed a petition with the Tax Court. (Compl.)

deferred estate tax that is ultimately determined to be appropriate. (*Id*. at Ex. E.) In addition, the second claim sought an additional state death tax credit in the amount of $5,964,186 for state death taxes paid to the State of Georgia and $38,510 in state death taxes paid to the State of Florida.

By letter dated March 23, 2005, the IRS disallowed in full the claims for refund filed by the Estate on January 25, 2002, and September 13, 2002. (Compl.¶ 13, Ex. F.) On September 23, 2005, when the complaint in this action was filed, the Estate had not fully paid the estate tax assessed. (*See* Deft. Ex. 1.) The Certificate of Assessments and Payments prepared by the IRS for the Estate reflects a balance of estate tax due as of October 12, 2005, of $4,276,648.61. (*See* Def. Ex. 1.)

ARGUMENT

THE COURT LACKS JURISDICTION BECAUSE
THE ESTATE FAILED TO FULLY PAY THE ASSESSED
ESTATE TAX DUE PRIOR TO FILING SUIT

It is a fundamental principle of tax litigation that the district courts and the Court of Federal Claims lack jurisdiction over a tax refund suit if the full amount of the assessed tax has not been paid when the suit is filed. The "full payment rule" was established by the Supreme Court in *Flora v. United States*, 362 U.S. 145 (1960), *on reh'g from* 357 U.S. 63 (1958), which interpreted the scope of the jurisdictional grant over refund suits afforded by 28 U.S.C. § 1346(a)(1). The Court construed the language of Section 1346( a)(1) to require payment of the full amount of the assessed tax prior to filing suit. Accordingly, the date by which full payment must have been made for purposes of testing jurisdiction is the date the complaint is filed. *See Flora*, 362 U.S. at 150; *see also Abruzzo v. United States*, 24 Cl. Ct. 668, 675 (1991). That

structure affords taxpayers one tribunal (the Tax Court) for prepayment litigation, and another for post-payment litigation (a federal district court). To allow hybrid, partial refund litigation, would render meaningless the two clear alternative forms of litigation for contesting a tax liability. *See Flora*, 362 U.S. at 157-158;163-165. Thus, the full payment requirement is necessary to preserve the harmony of a carefully structured tax litigation system. (*Id*. at 157-158)

The rule established in *Flora* applies with equal force to refund suits initiated in the Court of Federal Claims pursuant to 28 U.S.C. § 1491(a)(1). *See Shore v. United States*, 9 F.3d 1524, 1526 (Fed. Cir. 1993). As the Court observed in *Shore*, 9 F.3d at 1526, the *Flora* ruling established that prepayment of the tax deficiency is a jurisdictional prerequisite to maintaining a refund action. There is an exception to the full payment rule for divisible taxes such as excise and employment taxes, an exception that does not apply in this action. *See Flora*, 362 U.S. at 171, n. 37; *Rocovich v. United States*, 933 F.2d 991, 995 (Fed. Cir. 1991).

As a general rule, the estate tax return (Form 706) of a decedent is due to be filed and payment of the estate tax liability of a decedent is due to be paid within nine months of the decedent's death. *See* I.R.C. § 6075(a); I.R.C.§ 6151(a). An exception is provided by I.R.C. § 6166(a), which states in part that :" If the value of an interest in a closely held business, which is included in determining the gross estate of a decedent . . . exceeds 35 percent of the adjusted gross estate, the executor may elect to pay part or all of the tax . . . in 2 or more (but not exceeding 10) equal installments." An executor electing to defer estate tax under I.R.C. § 6166 must make annual payments of interest during the five year deferral period before the first installment of tax is due. *See* I.R.C. § 6166(f). If 50 percent or more of the interest in or

property of the closely held business is sold, then the extension of time to pay the tax under I.R.C. § 6166 terminates. *See* I.R.C. § 6166(g)(1)(A).

When the Estate filed its Form 706 return, it reported an estate tax liability of $9,750,765.42 (Compl. ¶ 6) and the Estate's Certificate of Assessments and Payments indicates that on March 15, 1999, that amount of estate tax was assessed. (*See* Def. Ex. 1.) The Estate elected under I.R.C. § 6166 to pay its tax liability in ten annual installments. (Compl. ¶ 7.) However, following the Estate's sale of the Atlanta Falcons football team in 2002, the estate no longer qualified for the election under I.R.C. § 6166 to defer payment of its estate tax, because it had sold the business upon which the election was based. The unpaid portion of the tax that had been deferred became due and payable. *See* I.R.C. § 6166(g)(1)(A). In addition, as previously discussed, an assessment of additional estate tax in the amount of $13,644,400 was made on June 20, 2002, as reflected on the Estate's Certificate of Assessments and Payments. (*Ibid*.)

Plaintiff could have challenged the audit determination of the IRS, without first paying the additional estate taxes determined to be due, by filing a petition in the Tax Court within the time frame set forth in I.R.C. § 6213, before the June 2002 assessment. [4] The Estate chose not to file a petition with the Tax Court. Having made that choice, the Estate could maintain a suit for refund only if it first paid **all** the estate tax at issue. The Estate however, has paid only a portion of the estate taxes assessed.

As discussed, the Estate's Certificate of Assessments and Payments reflects an estate tax balance due of $4,276,648.61. (*See* Def. Ex. 1.) Certificates of Assessments and Payments "are

---

[4] I.R.C. § 6213(a) provides in part that:"Within 90 days . . . after the notice of deficiency . . . is mailed . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency."

routinely used to prove that a tax assessment has in fact been made." *See Rocovich*, 933 F.2d at 994. A Certificate of Assessments and Payments constitutes presumptive proof of a valid assessment, absent evidence from the taxpayer to counter this presumption. *See Rocovich*, 933 F.2d at 994; *Estate of Young v. United States*, 62 Fed. Cl. 589, 599-601 (2004) (certified copy of taxpayer's Form 4340 [*i.e.*, Certificate of Assessments and Payments] triggers the presumption of correctness in favor of the government.)

CONCLUSION

When the Estate filed the instant suit for refund with the Court of Federal Claims, the Estate had not paid the full amount of the assessed estate tax. Therefore, the Estate failed to satisfy the jurisdictional requirement of full payment. For the reasons stated above, defendant's motion to dismiss should be granted and the complaint filed by the Estate should be dismissed without prejudice, with costs awarded to defendant.

Respectfully submitted,

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

July 19, 2006