# APPENDIX A

Westlaw.

26 USCA § 6166                                                                                   Page 1
26 U.S.C.A. § 6166

UNITED STATES CODE ANNOTATED
TITLE 26. INTERNAL REVENUE CODE
SUBTITLE F--PROCEDURE AND ADMINISTRATION
CHAPTER 62--TIME AND PLACE FOR PAYING TAX
SUBCHAPTER B--EXTENSIONS OF TIME FOR PAYMENT

Copr. © West Group 1999. No Claim to Orig. U.S. Govt. Works

§ 6166. Extension of time for payment of estate tax where estate consists largely of interest in closely held business

**(a) 5-year deferral; 10-year installment payment.--**

**(1) In general.--**If the value of an interest in a closely held business which is included in determining the gross estate of a decedent who was (at the date of his death) a citizen or resident of the United States exceeds 35 percent of the adjusted gross estate, the executor may elect to pay part or all of the tax imposed by section 2001 in 2 or more (but not exceeding 10) equal installments.

**(2) Limitation.--**The maximum amount of tax which may be paid in installments under this subsection shall be an amount which bears the same ratio to the tax imposed by section 2001 (reduced by the credits against such tax) as--

**(A)** the closely held business amount, bears to

**(B)** the amount of the adjusted gross estate.

**(3) Date for payment of installments.--**If an election is made under paragraph (1), the first installment shall be paid on or before the date selected by the executor which is not more than 5 years after the date prescribed by section 6151(a) for payment of the tax, and each succeeding installment shall be paid on or before the date which is 1 year after the date prescribed by this paragraph for payment of the preceding installment.

**(b) Definitions and special rules.--**

**(1) Interest in closely held business.--**For purposes of this section, the term "interest in a closely held business" means--

**(A)** an interest as a proprietor in a trade or business carried on as a proprietorship;

**(B)** an interest as a partner in a partnership carrying on a trade or business, if--

**(i)** 20 percent or more of the total capital interest in such partnership is included in determining the gross estate of the decedent, or

**(ii)** such partnership had 15 or fewer partners; or

**(C)** stock in a corporation carrying on a trade or business if--

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1820996.1

(i) 20 percent or more in value of the voting stock of such corporation is included in determining the gross estate of the decedent, or

(ii) such corporation had 15 or fewer shareholders.

**(2) Rules for applying paragraph (1).**--For purposes of paragraph (1)--

**(A) Time for testing.**--Determinations shall be made as of the time immediately before the decedent's death.

**(B) Certain interests held by husband and wife.**--Stock or a partnership interest which--

(i) is community property of a husband and wife (or the income from which is community income) under the applicable community property law of a State, or

(ii) is held by a husband and wife as joint tenants, tenants by the entirety, or tenants in common,

shall be treated as owned by one shareholder or one partner, as the case may be.

**(C) Indirect ownership.**--Property owned, directly or indirectly, by or for a corporation, partnership, estate, or trust shall be considered as being owned proportionately by or for its shareholders, partners, or beneficiaries. For purposes of the preceding sentence, a person shall be treated as a beneficiary of any trust only if such person has a present interest in the trust.

**(D) Certain interests held by members of decedent's family.**--All stock and all partnership interests held by the decedent or by any member of his family (within the meaning of section 267(c)(4)) shall be treated as owned by the decedent.

**(3) Farmhouses and certain other structures taken into account.**--For purposes of the 35-percent requirement of subsection (a)(1), an interest in a closely held business which is the business of farming includes an interest in residential buildings and related improvements on the farm which are occupied on a regular basis by the owner or lessee of the farm or by persons employed by such owner or lessee for purposes of operating or maintaining the farm.

**(4) Value.**--For purposes of this section, value shall be value determined for purposes of chapter 11 (relating to estate tax).

**(5) Closely held business amount.**--For purposes of this section, the term "closely held business amount" means the value of the interest in a closely held business which qualifies under subsection (a)(1).

**(6) Adjusted gross estate.**--For purposes of this section, the term, "adjusted gross estate" means the value of the gross estate reduced by the sum of the amounts allowable as a deduction under section 2053 or 2054. Such sum shall be determined on the basis of the facts and circumstances in existence on the date (including extensions) for filing the return of tax imposed by section 2001 (or, if earlier, the date on which such return is filed).

**(7) Partnership interests and stock which is not readily tradable.**--

**(A) In general.**--If the executor elects the benefits of this paragraph (at such time and in such manner as the Secretary shall by regulations prescribe), then--

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(i) for purposes of paragraph (1)(B)(i) or (1)(C)(i) (whichever is appropriate) and for purposes of subsection (c), any capital interest in a partnership and any non-readily-tradable stock which (after the application of paragraph (2)) is treated as owned by the decedent shall be treated as included in determining the value of the decedent's gross estate,

(ii) the executor shall be treated as having selected under subsection (a)(3) the date prescribed by section 6151(a), and

(iii) section 6601(j) (relating to 4-percent rate of interest) shall not apply.

(B) **Non-readily-tradable stock defined.**--For purposes of this paragraph, the term "non-readily-tradable stock" means stock for which, at the time of the decedent's death, there was no market on a stock exchange or in an over-the-counter market.

(8) **Stock in holding company treated as business company stock in certain** cases.--

(A) **In general.**--If the executor elects the benefits of this paragraph, then--

(i) **Holding company stock treated as business company stock.**--For purposes of this section, the portion of the stock of any holding company which represents direct ownership (or indirect ownership through 1 or more other holding companies) by such company in a business company shall be deemed to be stock in such business company.

(ii) **5-year deferral for principal not to apply.**--The executor shall be treated as having selected under subsection (a)(3) the date prescribed by section 6151(a).

(iii) **4-percent interest rate not to apply.**--Section 6601(j) (relating to 4-percent rate of interest) shall not apply.

(B) **All stock must be non-readily-tradable stock.**--No stock shall be taken into account for purposes of applying this paragraph unless it is non-readily-tradable stock (within the meaning of paragraph (7)(B)).

(C) **Application of voting stock requirement of paragraph (1)(C)(i).**--For purposes of clause (i) of paragraph (1)(C), the deemed stock resulting from the application of subparagraph (A) shall be treated as voting stock to the extent that voting stock in the holding company owns directly (or through the voting stock of 1 or more other holding companies) voting stock in the business company.

(D) **Definitions.**--For purposes of this paragraph--

(i) **Holding company.**--The term "holding company" means any corporation holding stock in another corporation.

(ii) **Business company.**--The term "business company" means any corporation carrying on a trade or business.

(9) **Deferral not available for passive assets.**--

(A) **In general.**--For purposes of subsection (a)(1) and determining the closely held business amount (but not for purposes of subsection (g)), the value of any interest in a closely held business shall not include the value of that portion of such interest which is attributable to passive assets held by the business.

(B) **Passive asset defined.**--For purposes of this paragraph--

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1820996.1

**(i) In general.**--The term "passive asset" means any asset other than an asset used in carrying on a trade or business.

**(ii) Stock treated as passive asset.**--The term "passive asset" includes any stock in another corporation unless--

**(I)** such stock is treated as held by the decedent by reason of an election under paragraph (8), and

**(II)** such stock qualified under subsection (a)(1).

**(iii) Exception for active corporations.**--If--

**(I)** a corporation owns 20 percent or more in value of the voting stock of another corporation, or such other corporation has 15 or fewer shareholders, and

**(II)** 80 percent or more of the value of the assets of each such corporation is attributable to assets used in carrying on a trade or business,

then such corporations shall be treated as 1 corporation for purposes of clause (ii). For purposes of applying subclause (II) to the corporation holding the stock of the other corporation, such stock shall not be taken into account.

**(c) Special rule for interests in 2 or more closely held businesses.**--For purposes of this section, interests in 2 or more closely held businesses, with respect to each of which there is included in determining the value of the decedent's gross estate 20 percent or more of the total value of each such business, shall be treated as an interest in a single closely held business. For purposes of the 20-percent requirement of the preceding sentence, an interest in a closely held business which represents the surviving spouse's interest in property held by the decedent and the surviving spouse as community property or as joint tenants, tenants by the entirety, or tenants in common shall be treated as having been included in determining the value of the decedent's gross estate.

**(d) Election.**--Any election under subsection (a) shall be made not later than the time prescribed by section 6075(a) for filing the return of tax imposed by section 2001 (including extensions thereof), and shall be made in such manner as the Secretary shall by regulations prescribe. If an election under subsection (a) is made, the provisions of this subtitle shall apply as though the Secretary were extending the time for payment of the tax.

**(e) Proration of deficiency to installments.**--If an election is made under subsection (a) to pay any part of the tax imposed by section 2001 in installments and a deficiency has been assessed, the deficiency shall (subject to the limitation provided by subsection (a)(2)) be prorated to the installments payable under subsection (a). The part of the deficiency so prorated to any installment the date for payment of which has not arrived shall be collected at the same time as, and as a part of, such installment. The part of the deficiency so prorated to any installment the date for payment of which has arrived shall be paid upon notice and demand from the Secretary. This subsection shall not apply if the deficiency is due to negligence, to intentional disregard of rules and regulations, or to fraud with intent to evade tax.

**(f) Time for payment of interest.**--If the time for payment of any amount of tax has been extended under this section--

**(1) Interest for first 5 years.**--Interest payable under section 6601 of any unpaid portion of such amount attributable to the first 5 years after the date prescribed by section 6151(a) for payment of the tax shall be paid annually.

**(2) Interest for periods after first 5 years.**--Interest payable under section 6601 on any unpaid portion of such amount attributable to any period after the 5-year period referred to in paragraph (1) shall be paid annually at the same time as,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1820996.1

and as a part of, each installment payment of the tax.

  **(3) Interest in the case of certain deficiencies.**--In the case of a deficiency to which subsection (e) applies which is assessed after the close of the 5-year period referred to in paragraph (1), interest attributable to such 5-year period, and interest assigned under paragraph (2) to any installment the date for payment of which has arrived on or before the date of the assessment of the deficiency, shall be paid upon notice and demand from the Secretary.

  **(4) Selection of shorter period.**--If the executor has selected a period shorter than 5 years under subsection (a)(3), such shorter period shall be substituted for 5 years in paragraphs (1), (2), and (3) of this subsection.

  **(g) Acceleration of payment.**--

  **(1) Disposition of interest;  withdrawal of funds from business.**--

  **(A) If**--

  **(i)(I)** any portion of an interest in a closely held business which qualifies under subsection (a)(1) is distributed, sold, exchanged, or otherwise disposed of, or

  **(II)** money and other property attributable to such an interest is withdrawn from such trade or business, and

  **(ii)** the aggregate of such distributions, sales, exchanges, or other dispositions and withdrawals equals or exceeds 50 percent of the value of such interest,

  then the extension of time for payment of tax provided in subsection (a) shall cease to apply, and the unpaid portion of the tax payable in installments shall be paid upon notice and demand from the Secretary.

  **(B)** In the case of a distribution in redemption of stock to which section 303 (or so much of section 304 as relates to section 303) applies--

  **(i)** the redemption of such stock, and the withdrawal of money and other property distributed in such redemption, shall not be treated as a distribution or withdrawal for purposes of subparagraph (A), and

  **(ii)** for purposes of subparagraph (A), the value of the interest in the closely held business shall be considered to be such value reduced by the value of the stock redeemed.

  This subparagraph shall apply only if, on or before the date prescribed by subsection (a)(3) for the payment of the first installment which becomes due after the date of the distribution (or, if earlier, on or before the day which is 1 year after the date of the distribution), there is paid an amount of the tax imposed by section 2001 not less than the amount of money and other property distributed.

  **(C)** Subparagraph (A)(i) does not apply to an exchange of stock pursuant to a plan of reorganization described in subparagraph (D), (E), or (F) of section 368(a)(1) nor to an exchange to which section 355 (or so much of section 356 as relates to section 355) applies;  but any stock received in such an exchange shall be treated for purposes of subparagraph (A)(i) as an interest qualifying under subsection (a)(1).

  **(D)** Subparagraph (A)(i) does not apply to a transfer of property of the decedent to a person entitled by reason of the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1820996.1

decedent's death to receive such property under the decedent's will, the applicable law of descent and distribution, or a trust created by the decedent. A similar rule shall apply in the case of a series of subsequent transfers of the property by reason of death so long as each transfer is to a member of the family (within the meaning of section 267(c)(4)) of the transferor in such transfer.

   **(E) Changes in interest in holding company.**--If any stock in a holding company is treated as stock in a business company by reason of subsection (b)(8)(A)--

   **(i)** any disposition of any interest in such stock in such holding company which was included in determining the gross estate of the decedent, or

   **(ii)** any withdrawal of any money or other property from such holding company attributable to any interest included in determining the gross estate of the decedent,

   shall be treated for purposes of subparagraph (a) as a disposition of (or a withdrawal with respect to) the stock qualifying under subsection (a)(1).

   **(F) Changes in interest in business company.**--If any stock in a holding company is treated as stock in a business company by reason of subsection (b)(8)(A)--

   **(i)** any disposition of any interest in such stock in the business company by such holding company, or

   **(ii)** any withdrawal of any money or other property from such business company attributable to such stock by such holding company owning such stock,

   shall be treated for purposes of subparagraph (a) as a disposition of (or a withdrawal with respect to) the stock qualifying under subsection (a)(1).

   **(2) Undistributed income of estate.**--

   **(A)** If an election is made under this section and the estate has undistributed net income for any taxable year ending on or after the due date for the first installment, the executor shall, on or before the date prescribed by law for filing the income tax return for such taxable year (including extensions thereof), pay an amount equal to such undistributed net income in liquidation of the unpaid portion of the tax payable in installments.

   **(B)** For purposes of subparagraph (A), the undistributed net income of the estate for any taxable year is the amount by which the distributable net income of the estate for such taxable year (as defined in section 643) exceeds the sum of--

   **(i)** the amounts for such taxable year specified in paragraphs (1) and (2) of section 661(a) (relating to deductions for distributions, etc.);

   **(ii)** the amount of tax imposed for the taxable year on the estate under chapter 1; and

   **(iii)** the amount of the tax imposed by section 2001 (including interest) paid by the executor during the taxable year (other than any amount paid pursuant to this paragraph).

   **(C)** For purposes of this paragraph, if any stock in a corporation is treated as stock in another corporation by reason

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1820996.1

of subsection (b)(8)(A), any dividends paid by such other corporation to the corporation shall be treated as paid to the estate of the decedent to the extent attributable to the stock qualifying under subsection (a)(1).

**(3) Failure to make payment of principal or interest.--**

**(A) In general.**--Except as provided in subparagraph (B), if any payment of principal or interest under this section is not paid on or before the date fixed for its payment by this section (including any extension of time), the unpaid portion of the tax payable in installments shall be paid upon notice and demand from the Secretary.

**(B) Payment within 6 months.**--If any payment of principal or interest under this section is not paid on or before the date determined under subparagraph (A) but is paid within 6 months of such date--

(i) the provisions of subparagraph (A) shall not apply with respect to such payment,

(ii) the provisions of section 6601(j) shall not apply with respect to the determination of interest on such payment, and

(iii) there is imposed a penalty in an amount equal to the product of--

(I) 5 percent of the amount of such payment, multiplied by

(II) the number of months (or fractions thereof) after such date and before payment is made.

The penalty imposed under clause (iii) shall be treated in the same manner as a penalty imposed under subchapter B of chapter 68.

**(h) Election in case of certain deficiencies.--**

**(1) In general.**--If--

(A) a deficiency in the tax imposed by section 2001 is assessed,

(B) the estate qualifies under subsection (a)(1), and

(C) the executor has not made an election under subsection (a),

the executor may elect to pay the deficiency in installments. This subsection shall not apply if the deficiency is due to negligence, to intentional disregard of rules and regulations, or to fraud with intent to evade tax.

**(2) Time of election.**--An election under this subsection shall be made not later than 60 days after issuance of notice and demand by the Secretary for the payment of the deficiency, and shall be made in such manner as the Secretary shall by regulations prescribe.

**(3) Effect of election on payment.**--If an election is made under this subsection, the deficiency shall (subject to the limitation provided by subsection (a)(2)) be prorated to the installments which would have been due if an election had been timely made under subsection (a) at the time the estate tax return was filed. The part of the deficiency so prorated to any installment the date for payment of which would have arrived shall be paid at the time of the making of the election under this subsection. The portion of the deficiency so prorated to installments the date for payment of which

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1820996.1

would not have so arrived shall be paid at the time such installments would have been due if such an election had been made.

**(i) Special rule for certain direct skips.**--To the extent that an interest in a closely held business is the subject of a direct skip (within the meaning of section 2612(c)) occurring at the same time as and as a result of the decedent's death, then for purposes of this section any tax imposed by section 2601 on the transfer of such interest shall be treated as if it were additional tax imposed by section 2001.

**(j) Regulations.**--The Secretary shall prescribe such regulations as may be necessary to the application of this section.

**(k) Cross references.**--

(1) Security.--

For authority of the Secretary to require security in the case of an extension under this section, see section 6165.

(2) Lien.--

For special lien (in lieu of bond) in the case of an extension under this section, see section 6324A.

(3) Period of limitation.--

For extension of the period of limitation in the case of an extension under this section, see section 6503(d).

(4) Interest.--

For provisions relating to interest on tax payable in installments under this section, see subsection (j) of section 6601.

(5) Transfers within 3 years of death.--

For special rule for qualifying an estate under this section where property has been transferred within 3 years of decedent's death, see section 2035(d)(4).

[(6) Repealed. Pub.L. 104-188, Title I, § 1704(t)(15), Aug. 20, 1996, 110 Stat. 1888]

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1820996.1

Westlaw.

26 USCA § 6213                                                                                              Page 1
**26 U.S.C.A. § 6213**

## UNITED STATES CODE ANNOTATED
### TITLE 26.  INTERNAL REVENUE CODE
### SUBTITLE F--PROCEDURE AND ADMINISTRATION
### CHAPTER 63--ASSESSMENT
### SUBCHAPTER B--DEFICIENCY PROCEDURES IN THE CASE OF INCOME, ESTATE, GIFT, AND CERTAIN EXCISE TAXES

Copr. © West Group 1999.  No Claim to Orig. U.S. Govt. Works

§ 6213. Restrictions applicable to deficiencies;  petition to Tax Court

  **(a) Time for filing petition and restriction on assessment.**--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency.  Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.  Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court.  The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.

  **(b) Exceptions to restrictions on assessment.--**

  **(1) Assessments arising out of mathematical or clerical errors.**--If the taxpayer is notified that, on account of a mathematical or clerical error appearing on the return, an amount of tax in excess of that shown on the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical or clerical error, such notice shall not be considered as a notice of deficiency for the purposes of subsection (a) (prohibiting assessment and collection until notice of the deficiency has been mailed), or of section 6212(c)(1) (restricting further deficiency letters), or of section 6512(a) (prohibiting credits or refunds after petition to the Tax Court), and the taxpayer shall have no right to file a petition with the Tax Court based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section.  Each notice under this paragraph shall set forth the error alleged and an explanation thereof.

  **(2) Abatement of assessment of mathematical or clerical errors.--**

  **(A) Request for abatement.**--Notwithstanding section 6404(b), a taxpayer may file with the Secretary within 60 days after notice is sent under paragraph (1) a request for an abatement of any assessment specified in such notice, and upon receipt of such request, the Secretary shall abate the assessment.  Any reassessment of the tax with respect to which an abatement is made under this subparagraph shall be subject to the deficiency procedures prescribed by this subchapter.

  **(B) Stay of collection.**--In the case of any assessment referred to in paragraph (1), notwithstanding paragraph (1), no

© 2006 Thomson/West.  No Claim to Orig. U.S. Govt. Works.

1821027.1

levy or proceeding in court for the collection of such assessment shall be made, begun, or prosecuted during the period in which such assessment may be abated under this paragraph.

  **(3) Assessments arising out of tentative carryback or refund adjustments.**--If the Secretary determines that the amount applied, credited, or refunded under section 6411 is in excess of the overassessment attributable to the carryback or the amount described in section 1341(b)(1) with respect to which such amount was applied, credited, or refunded, he may assess without regard to the provisions of paragraph (2) the amount of the excess as a deficiency as if it were due to a mathematical or clerical error appearing on the return.

  **(4) Assessment of amount paid.**--Any amount paid as a tax or in respect of a tax may be assessed upon the receipt of such payment notwithstanding the provisions of subsection (a). In any case where such amount is paid after the mailing of a notice of deficiency under section 6212, such payment shall not deprive the Tax Court of jurisdiction over such deficiency determined under section 6211 without regard to such assessment.

  **(c) Failure to file petition.**--If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary.

  **(d) Waiver of restrictions.**--The taxpayer shall at any time (whether or not a notice of deficiency has been issued) have the right, by a signed notice in writing filed with the Secretary, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency.

  **(e) Suspension of filing period for certain excise taxes.**--The running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to the taxes imposed by section 4941 (relating to taxes on self-dealing), 4942 (relating to taxes on failure to distribute income), 4943 (relating to taxes on excess business holdings), 4944 (relating to investments which jeopardize charitable purpose), 4945 (relating to taxes on taxable expenditures), 4951 (relating to taxes on self-dealing), or 4952 (relating to taxes on taxable expenditures), 4955 (relating to taxes on political expenditures), 4958 (relating to private excess benefit), 4971 (relating to excise taxes on failure to meet minimum funding standard), 4975 (relating to excise taxes on prohibited transactions) shall be suspended for any period during which the Secretary has extended the time allowed for making correction under section 4963(e).

  **(f) Coordination with title 11.--**

  **(1) Suspension of running of period for filing petition in title 11 cases.**-- In any case under title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

  **(2) Certain action not taken into account.**--For purposes of the second and third sentences of subsection (a), the filing of a proof of claim or request for payment (or the taking of any other action) in a case under title 11 of the United States Code shall not be treated as action prohibited by such second sentence.

  **(g) Definitions.**--For purposes of this section--

  **(1) Return.**--The term "return" includes any return, statement, schedule, or list, and any amendment or supplement thereto, filed with respect to any tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

(2) **Mathematical or clerical error.**--The term "mathematical or clerical error" means--

(A) an error in addition, subtraction, multiplication, or division shown on any return,

(B) an incorrect use of any table provided by the Internal Revenue Service with respect to any return if such incorrect use is apparent from the existence of other information on the return,

(C) an entry on a return of an item which is inconsistent with another entry of the same or another item on such return,

(D) an omission of information which is required to be supplied on the return to substantiate an entry on the return,

(E) an entry on a return of a deduction or credit in an amount which exceeds a statutory limit imposed by subtitle A or B, or chapter 41, 42, 43, or 44, if such limit is expressed--

(i) as a specified monetary amount, or

(ii) as a percentage, ratio, or fraction,

and if the items entering into the application of such limit appear on such return,

(F) an omission of a correct taxpayer identification number required under section 32 (relating to the earned income credit) to be included on a return,

(G) an entry on a return claiming the credit under section 32 with respect to net earnings from self-employment described in section 32(c)(2)(A) to the extent the tax imposed by section 1401 (relating to self-employment tax) on such net earnings has not been paid, and

(H) an omission of a correct TIN required under section 21 (relating to expenses for household and dependent care services necessary for gainful employment) or section 151 (relating to allowance of deductions for personal exemptions).

(h) **Cross references.**--

(1) For assessment as if a mathematical error on the return, in the case of erroneous claims for income tax prepayment credits, see section 6201(a)(3).

(2) For assessments without regard to restrictions imposed by this section in the case of--

(A) Recovery of foreign income taxes, see section 905(c).

(B) Recovery of foreign estate tax, see section 2016.

(3) For provisions relating to application of this subchapter in the case of certain partnership items, etc., see section 6230(a).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1821027.1

Westlaw.

26 USCA § 6213                                                                                    Page 1
**26 U.S.C.A. § 6213**

UNITED STATES CODE ANNOTATED
TITLE 26. INTERNAL REVENUE CODE
SUBTITLE F--PROCEDURE AND ADMINISTRATION
CHAPTER 63--ASSESSMENT
SUBCHAPTER B--DEFICIENCY PROCEDURES IN THE CASE OF INCOME, ESTATE, GIFT, AND
CERTAIN EXCISE TAXES

Copr. © West Group 1999. No Claim to Orig. U.S. Govt. Works

§ 6213. Restrictions applicable to deficiencies; petition to Tax Court

**(a) Time for filing petition and restriction on assessment.**--Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852 or 6861, no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court. The Tax Court shall have no jurisdiction to enjoin any action or proceeding under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition.

**(b) Exceptions to restrictions on assessment.**--

**(1) Assessments arising out of mathematical or clerical errors.**--If the taxpayer is notified that, on account of a mathematical or clerical error appearing on the return, an amount of tax in excess of that shown on the return is due, and that an assessment of the tax has been or will be made on the basis of what would have been the correct amount of tax but for the mathematical or clerical error, such notice shall not be considered as a notice of deficiency for the purposes of subsection (a) (prohibiting assessment and collection until notice of the deficiency has been mailed), or of section 6212(c)(1) (restricting further deficiency letters), or of section 6512(a) (prohibiting credits or refunds after petition to the Tax Court), and the taxpayer shall have no right to file a petition with the Tax Court based on such notice, nor shall such assessment or collection be prohibited by the provisions of subsection (a) of this section. Each notice under this paragraph shall set forth the error alleged and an explanation thereof.

**(2) Abatement of assessment of mathematical or clerical errors.**--

**(A) Request for abatement.**--Notwithstanding section 6404(b), a taxpayer may file with the Secretary within 60 days after notice is sent under paragraph (1) a request for an abatement of any assessment specified in such notice, and upon receipt of such request, the Secretary shall abate the assessment. Any reassessment of the tax with respect to which an abatement is made under this subparagraph shall be subject to the deficiency procedures prescribed by this subchapter.

**(B) Stay of collection.**--In the case of any assessment referred to in paragraph (1), notwithstanding paragraph (1), no

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

levy or proceeding in court for the collection of such assessment shall be made, begun, or prosecuted during the period in which such assessment may be abated under this paragraph.

  **(3) Assessments arising out of tentative carryback or refund adjustments.**--If the Secretary determines that the amount applied, credited, or refunded under section 6411 is in excess of the overassessment attributable to the carryback or the amount described in section 1341(b)(1) with respect to which such amount was applied, credited, or refunded, he may assess without regard to the provisions of paragraph (2) the amount of the excess as a deficiency as if it were due to a mathematical or clerical error appearing on the return.

  **(4) Assessment of amount paid.**--Any amount paid as a tax or in respect of a tax may be assessed upon the receipt of such payment notwithstanding the provisions of subsection (a). In any case where such amount is paid after the mailing of a notice of deficiency under section 6212, such payment shall not deprive the Tax Court of jurisdiction over such deficiency determined under section 6211 without regard to such assessment.

 **(c) Failure to file petition.**--If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary.

 **(d) Waiver of restrictions.**--The taxpayer shall at any time (whether or not a notice of deficiency has been issued) have the right, by a signed notice in writing filed with the Secretary, to waive the restrictions provided in subsection (a) on the assessment and collection of the whole or any part of the deficiency.

 **(e) Suspension of filing period for certain excise taxes.**--The running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to the taxes imposed by section 4941 (relating to taxes on self-dealing), 4942 (relating to taxes on failure to distribute income), 4943 (relating to taxes on excess business holdings), 4944 (relating to investments which jeopardize charitable purpose), 4945 (relating to taxes on taxable expenditures), 4951 (relating to taxes on self-dealing), or 4952 (relating to taxes on taxable expenditures), 4955 (relating to taxes on political expenditures), 4958 (relating to private excess benefit), 4971 (relating to excise taxes on failure to meet minimum funding standard), 4975 (relating to excise taxes on prohibited transactions) shall be suspended for any period during which the Secretary has extended the time allowed for making correction under section 4963(e).

 **(f) Coordination with title 11.**--

  **(1) Suspension of running of period for filing petition in title 11 cases.**-- In any case under title 11 of the United States Code, the running of the time prescribed by subsection (a) for filing a petition in the Tax Court with respect to any deficiency shall be suspended for the period during which the debtor is prohibited by reason of such case from filing a petition in the Tax Court with respect to such deficiency, and for 60 days thereafter.

  **(2) Certain action not taken into account.**--For purposes of the second and third sentences of subsection (a), the filing of a proof of claim or request for payment (or the taking of any other action) in a case under title 11 of the United States Code shall not be treated as action prohibited by such second sentence.

 **(g) Definitions.**--For purposes of this section--

  **(1) Return.**--The term "return" includes any return, statement, schedule, or list, and any amendment or supplement thereto, filed with respect to any tax imposed by subtitle A or B, or chapter 41, 42, 43, or 44.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

26 USCA § 6213                                                                                          Page 3
**26 U.S.C.A. § 6213**

(2) **Mathematical or clerical error.**--The term "mathematical or clerical error" means--

(A) an error in addition, subtraction, multiplication, or division shown on any return,

(B) an incorrect use of any table provided by the Internal Revenue Service with respect to any return if such incorrect use is apparent from the existence of other information on the return,

(C) an entry on a return of an item which is inconsistent with another entry of the same or another item on such return,

(D) an omission of information which is required to be supplied on the return to substantiate an entry on the return,

(E) an entry on a return of a deduction or credit in an amount which exceeds a statutory limit imposed by subtitle A or B, or chapter 41, 42, 43, or 44, if such limit is expressed--

(i) as a specified monetary amount, or

(ii) as a percentage, ratio, or fraction,

and if the items entering into the application of such limit appear on such return,

(F) an omission of a correct taxpayer identification number required under section 32 (relating to the earned income credit) to be included on a return,

(G) an entry on a return claiming the credit under section 32 with respect to net earnings from self-employment described in section 32(c)(2)(A) to the extent the tax imposed by section 1401 (relating to self-employment tax) on such net earnings has not been paid, and

(H) an omission of a correct TIN required under section 21 (relating to expenses for household and dependent care services necessary for gainful employment) or section 151 (relating to allowance of deductions for personal exemptions).

(h) **Cross references.**--

(1) For assessment as if a mathematical error on the return, in the case of erroneous claims for income tax prepayment credits, see section 6201(a)(3).

(2) For assessments without regard to restrictions imposed by this section in the case of--

(A) Recovery of foreign income taxes, see section 905(c).

(B) Recovery of foreign estate tax, see section 2016.

(3) For provisions relating to application of this subchapter in the case of certain partnership items, etc., see section 6230(a).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

APPENDIX B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.05-1028 T

(Judge Marian Blank Horn)

ESTATE OF RANKIN M. SMITH, SR.,
SUNTRUST BANK, TAYLOR W. SMITH, and
RANKIN M. SMITH, JR., Co-Executors,

Plaintiffs

v.

THE UNITED STATES,

Defendant

DECLARATION OF JENNIFER DOVER SPRIGGS

I, Jennifer Dover Spriggs, am the attorney of the Tax Division, United States Department
of Justice, assigned to defend this case, and I state as follows:

1.    In my official capacity, I have temporary custody of the Internal Revenue Service
administrative file with respect to the matters at issue in this case.

2.    Attached hereto as the indicated exhibit is a true and correct copy of the following
document which has been made available to me by the Internal Revenue Service:

Exhibit 1 - Certificate of Assessments and Payments for the Estate of Rankin M.
Smith, Sr.

- B1 -

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Washington, D.C., this 19th day of July 2006.


Jennifer Dover Spriggs
JENNIFER DOVER SPRIGGS



# United States of America

### Department of the Treasury
### Internal Revenue Service

Date: October 13, 2005

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: Certificate of Assessments and Payments is an exact transcript of the account of the taxpayer named therein, in respect to the taxes specified and for the period specified. All assessments, penalties, interest, abatements, credits, and refunds relating thereto, as disclosed by the records of this office as of the date appearing on said certificate are shown therein. I further certify that I have legal custody of certain Federal tax returns, transcripts of accounts, and other accounting records established and maintained by the Internal Revenue Service pursuant to authority derived under the Internal Revenue Code (United States Code, Title 26), and that the annexed certificate is a true transcript made from such records; consisting of    5 page(s) _____

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Operations Manager, Accounting Control/Services
Internal Revenue Service
Submission Processing Center
Atlanta, Georgia

DEFENDANT'S
EXHIBIT
___1___

Catalog Number 19002E          - B3 -          Form **2866** (Rev. 09-1997)

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

RANKIN M SMITH SR ESTATE                    EIN/SSN: ████████████ V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706          TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|--------------------------------------|-----------------------------|----------------------------------|
| 02-01-1999 | RETURN FILED 07506-051-00000-9   199909 | 9,750,765.42 | | 03-15-1999 |
| 07-29-1998 | SUBSEQUENT PAYMENT | | 703,597.00 | |
| 08-31-1998 | EXTENSION OF TIME TO FILE EXT. DATE   01-26-1999 | | | |
| | RESTRICTED INTEREST ASSESSED 199928 | 723,205.42 | | 07-26-1999 |
| | ADDITIONAL TAX ASSESSED 07554-583-18001-9   199928 | | 0.00 | 07-26-1999 |
| 08-02-1999 | SUBSEQUENT PAYMENT | | 325,443.00 | |
| 07-27-1999 | AMENDED RETURN FILED 07506-219-02210-9 | | | |
| | ADDITIONAL TAX ASSESSED 07554-677-15101-9   199941 | | 0.00 | 10-25-1999 |
| | RESTRICTED INTEREST ASSESSED 200032 | 813,237.55 | | 08-21-2000 |

FORM 4340  (REV. 01-2002)                    PAGE     1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

RANKIN M SMITH SR ESTATE                EIN/SSN: ███████████ V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706        TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|--------------------------------|
| | ADDITIONAL TAX ASSESSED 07554-615-18000-0  200032 | 0.00 | | 08-21-2000 |
| 08-01-2000 | SUBSEQUENT PAYMENT | | 723,206.00 | |
| | RESTRICTED INTEREST ASSESSED 200131 | 840,361.74 | | 08-13-2001 |
| | ADDITIONAL TAX ASSESSED 07554-601-18001-1  200131 | 0.00 | | 08-13-2001 |
| 07-26-2001 | SUBSEQUENT PAYMENT MISCELLANEOUS PAYMENT | | 840,361.74 | |
| 03-01-2002 | SUBSEQUENT PAYMENT | | 19,290,867.00 | |
| | RESTRICTED INTEREST ASSESSED 200225 | 388,153.22 | | 07-01-2002 |
| | ADDITIONAL TAX ASSESSED 07554-558-18100-2  200225 | 0.00 | | 07-01-2002 |

FORM 4340  (REV. 01-2002)                PAGE    2

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

RANKIN M SMITH SR ESTATE              EIN/SSN: ▮▮▮▮▮▮▮▮▮ V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706         TAX PERIOD:


| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|---------------------------------|
| 07-01-2002 | INTEREST DUE TAXPAYER | | 175,620.82 | |
| 07-01-2002 | REFUND | | (9,543,372.21) | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT DEFICIENCY PER DEFAULT OF 90 DAY LETTER 17547-584-00116-2   200228 | | 0.00 | 07-22-2002 |
| | QUICK ASSESSMENT 49551-171-13000-2 | 13,644,400.00 | | 06-20-2002 |
| 07-01-2002 | INTEREST DUE TAXPAYER REVERSED | | (175,620.82) | |
| 07-01-2002 | CANCELED REFUND CHECK | | 9,543,372.21 | |
| 09-20-2002 | INSTALLMENT/MANUAL BILLING | | | |
| 05-19-2003 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 07-01-2002 | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT, CLOSED TO APPEALS PRIOR TO 90 DAY LETTER 17547-610-10001-3   200332 | | 0.00 | 08-18-2003 |

FORM 4340  (REV. 01-2002)              PAGE    3

- B6 -

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
-----------------------------------------------------------------------

RANKIN M SMITH SR ESTATE                EIN/SSN: █████████████ V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706      TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|---------------------------------|
|  | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW 49547-482-70000-5  200513 |  | 0.00 | 04-11-2005 |
| 04-11-2005 | RENUMBERED RETURN 49547-482-70000-5 |  |  |  |
| 07-27-2005 | INSTALLMENT/MANUAL BILLING DEFAULT |  |  |  |
| 06-20-2002 | Statutory Notice of Balance Due |  |  |  |
| 08-26-2002 | Statutory Notice of Intent to Levy |  |  |  |
| 07-27-2005 | Statutory Notice of Balance Due |  |  |  |
| 09-26-2005 | Statutory Notice of Intent to Levy |  |  |  |

FORM 4340  (REV. 01-2002)                PAGE   4

```
          CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
----------------------------------------------------------------------------------

RANKIN M SMITH SR ESTATE                  EIN/SSN:  ██████████  V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706        TAX PERIOD:
----------------------------------------------------------------------------------


BALANCE      4,276,648.61
----------------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN.   I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.
----------------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER:
PRINT NAME:  Kathleen R. Bushnell
TITLE:       Operations Manager, Accounting Control/Services

DELEGATION ORDER:  198


LOCATION: INTERNAL REVENUE SERVICE
          DORAVILLE, GA

          ACCOUNT STATUS DATE 10/12/2005

FORM 4340  (REV. 01-2002)                    PAGE    5
```