# In The United States Court of Federal Claims

* * * * * * * * * * * * * * * *

**ESTATE OF RANKIN M. SMITH, SR., et al.,**
**Plaintiffs,**

**v.**

**UNITED STATES,**
**Defendant.**

* * * * * * * * * * * * * * * *

**No. 05-1028T**
**Filed: July 27, 2006**

## O R D E R

The court held a status conference in the above-captioned case on July 25, 2006, with the parties appearing in person, to discuss their recent joint status report on the jurisdictional issue raised by defendant. Even though the complaint was filed some time ago, September 23, 2005, the joint status report indicated some confusion on the part of the defendant as to which is the appropriate IRS office for consideration of whether the estate tax should be adjusted, based 1) on the state death tax credit for payments plaintiff alleges were made to the State of Georgia as a result of the IRS's increase in the value of the estate, and 2) on the deduction for payments of interest made by the Estate pursuant to its election to pay the estate tax in installments. As discussed at the status conference, on a weekly basis, beginning on **Tuesday, August 1, 2006**, and until further notice, defendant shall file a status report indicating where and how these issues might be discussed and potentially resolved, and indicate progress toward a final IRS answer. The court will relax the reporting requirement as soon as it becomes evident that the issues have been joined with the IRS and the appropriate IRS officials have been identified and consulted.

Also as discussed at the July 25, 2006 status conference, the parties shall adhere to the remainder of the briefing **SCHEDULE** on the jurisdictional issue (defendant's opening brief was received on July 19, 2006). On or before **Wednesday, August 2, 2006**, plaintiff shall file its response brief. On or before **Wednesday, August 9, 2006**, defendant shall file a reply brief. Upon reconsideration, the option of not filing is rescinded, so as to provide the court with the maximum input.

The parties are reminded, for this and any subsequent briefing cycles, that statutes or regulations cited in briefs shall include the dates of the appropriate version. On citations to the Internal Revenue Code, give full citations at least for the first mention of the statute, and always include specific sections and subsections of the statute and the applicable year. If cited material is not easily found through electronic search engines, the material shall be included in an appendix to the briefs. Acronyms used in briefs will be explained. The parties shall make every attempt to simplify and explain their arguments and the tax concepts employed. For any figures used, identify the components and show the derivation of the figures so the court can audit, and replicate, the same computation. Do not round figures off. Compute them to the penny, and show how they were computed.

**IT IS SO ORDERED.**

s/Marian Blank Horn
**MARIAN BLANK HORN**
**Judge**