DowLohnes

Judith A. Mather
D 202.776.2714 E jmather@dowlohnes.com

June 28, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Jennifer Dover Spriggs, Esquire
Tax Division
Court of Federal Claims Section
U.S. Department of Justice
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044

Re: *Estate of Rankin M. Smith v. United States of America* (No. 05-1028-T Cl. Ct.)

Dear Jennifer:

During our meeting yesterday afternoon, Mark Sigalow stated that substantiation for the additional state death taxes paid as a result of the Service's increase in the gross estate had to be provided to the Service within 90 days of the issuance of the Notice of Deficiency. Since the Notice of Deficiency was issued to the Smith Estate on January 25, 2002, Mr. Sigalow indicated that the substantiation of the additional state death tax credit would have to have been provided to the Service by April 25, 2002.

After reviewing the applicable regulations and consulting with estate tax attorneys upon return to my office, I was unable to identify any support for Mr. Sigalow's position. Rather, published guidance from the Service is contrary to Mr. Sigalow's position. For example, Rev. Rul. 55-380, 1955-1 C.B. 462, states:

> It is not necessary that the evidence in support of the credit claimed be filed within the statutory period; the submission of evidence showing that the inheritance taxes were actually paid within four years after the filing of the return will satisfy the statutory requirement.

Further, the 90-day period to which Mark Sigalow referred is simply the period during which the IRS is prohibited from assessing the alleged deficiency pursuant to 26 U.S.C § 213(a) while the taxpayer may petition the Tax Court. This 90-day period is irrelevant to the time period during which the taxpayer may claim the state death tax credit, which is governed by 26 U.S.C. § 2011(c).

EXHIBIT I

This is an important issue for the Smith Estate. In March 2002, the Estate paid additional state death taxes to Georgia in the amount of $5,964,186, based solely on the Service's asserted higher value of the Estate as set forth in the Notice of Deficiency. The Estate claimed a credit therefor well before the end of the time period allowed for claiming a credit under § 2011, and substantiation for the additional state death taxes was provided by Georgia to the IRS even before the end of the 90-day period to which Mr. Sigalow refers. However, Mr. Sigalow suggested that perhaps the April 23, 2002 letter from the State of Georgia, reflecting the revised amount of state death taxes paid by the Estate in light of a refund by Georgia, had not been received by the Service within the 90-day period after the issuance of the Notice of Deficiency. The Estate would not want to follow your proposed course of action in which it would pay the asserted additional tax and file a new claim for refund/abatement based on, *inter alia,* the state death tax credit, if it will be told by the Service that its claim is being denied under this purported 90-day rule which appears to have no basis in the Internal Revenue Code.

I would appreciate it if you could promptly provide me with the authority for this 90-day rule, so that we may review it in connection with determining whether the Estate's rights will be protected under your proposed course of action.

Sincerely,

Judy Mather

Judith A. Mather