APPENDIX C

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

————————

No.05-1028 T

(Judge Marian Blank Horn)

ESTATE OF RANKIN M. SMITH, SR.,
SUNTRUST BANK, TAYLOR W. SMITH, and
RANKIN M. SMITH, JR., Co-Executors,

Plaintiffs

v.

THE UNITED STATES,

Defendant

————————

DECLARATION OF JENNIFER DOVER SPRIGGS

————————

I, Jennifer Dover Spriggs, am the attorney of the Tax Division, United States Department

of Justice, assigned to defend this case, and I state as follows:

Attached hereto as the indicated exhibits are true and correct copies of the following

documents:

Exhibit 2 - Declaration of Toni A. McDonald;

Exhibit 3 - Declaration of Micheline Maritz;

Exhibit 4 - Declaration of Darlene Broomall.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Washington, D.C., this $\underline{15}$ day of August 15, 2006.

JENNIFER DOVER SPRIGGS

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

ESTATE OF RANKIN M. SMITH, SR.,          )
SUNTRUST BANK, TAYLOR W. SMITH           )
and RANKIN M. SMITH, JR.,                )
Co-Executors,                            )
                                         )
                    Plaintiff,           )
                                         )
    v.                                   )    Case No. 05-1028T
                                         )
THE UNITED STATES OF AMERICA             )
                                         )
                    Defendant.           )

### DECLARATION OF TONI A. McDONALD

    I, Toni A. McDonald, am employed as a Supervisory Paralegal
Specialist by the Internal Revenue Service in the Specialty
Programs for Estate and Gift in the Small Business/Self-Employed
Operating Division located in the Cincinnati Service Center, and
I state as follows:

    1.    In my official capacity, as a Supervisory Paralegal
Specialist in the Specialty Programs for Estate and Gift, I have
access to the Internal Revenue Service's records concerning the
account of, and outstanding estate tax liabilities of, the
Estate of Rankin M. Smith, Sr. (Estate).  In this regard, I have
examined the Internal Revenue Service's records for this
account, including, the Certificate of Assessments, Payments,
and Other Specified Matters (a copy of which is attached hereto
as Exhibit 1), and other records in the administrative file with
respect to the matters at issue in this case.


DEFENDANT'S
EXHIBIT
2

Case No. 05-1028T

2.    On the Estate's United States Estate (and Generation-Skipping Transfer) Tax Return (Form 706) received by the Internal Revenue Service on February 1, 1999, the Estate made an election under I.R.C. § 6166 to defer payment of the entire estate tax liability. In this case, the Estate elected to make a total of fourteen annual installment payments beginning on July 26, 1999, and ending on July 26, 2012. The first four annual payments were to be for interest only and the remaining ten annual payments were to be in the amount of $975,076.54, plus interest.

3.    On July 1, 2002, the Internal Revenue Service assessed restricted interest of $388,153.22. This amount represented a portion of the fourth year installment payment computed pursuant to the Estate's election to defer payment of the estate tax liability under I.R.C. § 6166.

4.    On June 20, 2002, an assessment was made for additional estate tax due from the Estate in the amount of $13,644,400.00, pursuant to the default of the statutory notice of deficiency that was issued to the Estate on January 25, 2002.

5.    As a result of the additional estate tax assessment of $13,644,400.00, that was assessed on June 20, 2002, the Certificate of Assessments and Payments for the Estate reflects

[ 2 ]

Case No. 05-1028T

an outstanding estate tax due of $4,276,648.61.  This amount
does not include any accrued or assessed interest.

I declare under penalties of perjury pursuant to 28 U.S.C.
' 1746 that the foregoing is true and correct.

EXECUTED in Cincinnati, Ohio, this /0ᵗʰ day of August 2006.

TONI A. McDonald
Supervisory Paralegal Specialist

[- 3 -]

TOTAL P.04

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

———————

No.05-1028 T

(Judge Marian Blank Horn)

ESTATE OF RANKIN M. SMITH, SR.,
SUNTRUST BANK, TAYLOR W. SMITH, and
RANKIN M. SMITH, JR., Co-Executors,

Plaintiffs

v.

THE UNITED STATES,

Defendant

———————

DECLARATION OF MICHELINE MARITZ

———

1. I, Micheline Maritz, am a recomputation specialist assigned to the Office of Review of the Tax Division, United States Department of Justice, in which capacity I have served for 15 years.

2. The trial attorney assigned to this matter, Jennifer Dover Spriggs, requested my assistance in reviewing computations prepared by Laura H. Peebles for the Estate of Rankin M. Smith ("Estate"). Those computations are attached as Exhibit A to the Estate's Memorandum in Opposition to Defendant's Motion to Dismiss (Pl's Opposition"). I was also asked by defendant's trial attorney to prepare a number of hypothetical computations in an effort to



- 25 -



determine the potential dollar amounts actually in dispute with respect to the state death tax credit claimed and the interest deductions claimed by the Estate.

3.   In preparing my draft computations in this matter, I was provided access to the Estate's administrative file and the pleadings filed in this case.

4.   I have reviewed the computation prepared by Laura Peebles, entitled Calculation of Amount Necessary to Satisfy Federal Estate Tax Liability (see Pl's Opposition, Ex. A, at p. A003) and it does not accurately reflect the status of the Estate's account at the time the complaint in this case was filed. Ms. Peebles' computation assumes that the IRS agreed with the Estate on the merits for  both the state death tax credit and the interest deduction claimed. However, at the time the complaint in this action was filed the IRS administrative records indicate that the IRS had disallowed both the Estate's request for additional state death tax credit and interest deductions.

5.   Several of the draft computations which I prepared for defendant's trial attorney are attached to the Estate's Opposition as Exhibits B, C, G, and H.  In the draft computations attached as Pl's Exs. B and C, I assumed that the Estate was allowed the state death tax credit claimed but was not allowed the interest deductions claimed.  In the draft computation attached as Pl's Ex. G, I assumed that the Estate was allowed the state death tax credit and interest deduction which included interest paid, as well as interest accrued but not yet paid.  In the draft computation attached as Pl's Ex. H, I assumed that the Estate was allowed the state death tax credit and interest deduction, which was limited to interest accrued and paid.  All of the draft computations attached as Pl's Exs. B, C, G, and H, are hypothetical, and none of them reflects the actual state of the Estate's account at the time the complaint in this action was filed.  Because

[-2-]

the state death tax credit and the interest deductions claimed by the estate were disallowed by the IRS, they are not reflected on the Estate's Certificate of Assessment and Payments.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Washington, D.C., this __9__ day of August  2006.


_____
MICHELINE MARITZ

[ 3 ]

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.05-1028 T

(Judge Marian Blank Horn)

ESTATE OF RANKIN M. SMITH, SR.,
SUNTRUST BANK, TAYLOR W. SMITH, and
RANKIN M. SMITH, JR., Co-Executors,

Plaintiffs

v.

THE UNITED STATES,

Defendant

## DECLARATION OF DARLENE BROOMALL

 I, Darlene Broomall, am employed as a Senior Disclosure Specialist for the Internal
Revenue Service ("IRS") at the Covington Campus in Covington, Kentucky (the IRS now uses
the term "Campus" to refer to what were previously called "Service Centers"). I have worked in
the Disclosure Office at the IRS for 11 years, and I state as follows:

 1. In my official capacity, as a Senior Disclosure Specialist, I have access to the IRS
records regarding the summary records of assessments made on a given business day. Although
my office is located in Kentucky, it is in charge of the accounting function for the Memphis
Campus and the Covington Campus handles the accounting records from the Memphis Campus.



DEFENDANT'S
EXHIBIT
4

2.   The summary record of assessment that is currently used by the IRS in most cases is
the Racs Report- 006. "Racs" stands for Revenue Accounting Control System. A summary
record of assessment is signed by the assessing officer on the date of assessment. The Racs
Report -006 is computer generated and is a compilation of the total amount of tax, penalties and
interest assessed for a particular day, without reference to any specific taxpayer. During the
normal course, a taxpayer may have assessments made by a variety of different IRS Campuses
depending upon for example the audit, appeals and/or collection locations that may be involved
with making an assessment on an account.

3.   At the request of the IRS attorney assigned to this matter, I obtained the Summary
Record of Assessment, Racs Report -006 for June 20, 2002, for the Memphis Campus.

4.   I certify that attached hereto as Exhibit A is a true and correct copy of the Summary
Record of Assessment, Racs Report- 006, made at the Memphis Campus for the assessment date
of June 20, 2002. The attached Summary Record of Assessment, Racs Report -006, reflects the
total amount of taxes, interest, and penalties, assessed on June 20, 2002, at the Memphis
Campus of the IRS, without reference to any specific taxpayer. The Summary Record of
Assessment, Racs Report -006, attached hereto, reflects total current assessments, deficiency
assessments, and jeopardy assessments made at the Memphis Campus on June 20, 2002. In the
attached Summary Record of Assessment, Racs Report-006, the "assessment type" is described
as "quick." Listed under the category of "Deficiency Assessments" in the attached Summary
Record of Assessments, Racs Report- 006, and set forth under the category of "Estate & Gift" is
an assessment of $13,644,400, which was made on June 20, 2002. The Summary Record of
Assessment, Racs Report - 006, attached hereto, was signed by the assessing officer on June 20,
2002, the date of the assessment.

5.   Although the Summary Record of Assessment, Racs Report -006, does not, on its face, identify a particular taxpayer's assessment, the account transcript does provide this information.  I have reviewed the account transcript for the Estate of Rankin M. Smith, which is attached to the Summary Record of Assessment, Racs Report -006, and it reflects a $13,644,400 assessment made on June 20, 2002.  The attached Summary Record of Assessment, Racs Report -006, reflects this $13,644,400 assessment.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Covington, Kentucky this _15_ day of August 2006.


*Darlene Broomall*
DARLENE BROOMALL

[ -3- ]

94%

P.04

TOTAL P.04

Racs Report-006

Summary Record of Assessments

Page: 1
06/20/2002
13:15:21

| Certificate Number | Assessment Type | Assessment Date |
|---|---|---|
| 135200206202020014 | MEMPHIS | 06202002 |
| | Quick | |

**Current Assessments**

| Class of Tax | Items | Tax | Penalty | Interest |
|---|---|---|---|---|
| ------------- | ----- | --- | ------- | -------- |
| WITHHOLDING | 0 | $0.00 | $0.00 | $0.00 |
| INDIVIDUAL | 0 | $0.00 | $0.00 | $0.00 |
| CORPORATION | 0 | $0.00 | $0.00 | $0.00 |
| EXCISE | 1 | $36,743.00 | $0.00 | $10,262.98 |
| ESTATE & GIFT | 0 | $0.00 | $0.00 | $0.00 |
| CTA | 0 | $0.00 | $0.00 | $0.00 |
| FUTA | 0 | $0.00 | $0.00 | $0.00 |
| Total Current Assmts | 1 | $36,743.00 | $0.00 | $10,262.98 |

**Deficiency Assessments**

| Class of Tax | Items | Tax | Penalty | Interest |
|---|---|---|---|---|
| WITHHOLDING | 0 | $0.00 | $0.00 | $0.00 |
| INDIVIDUAL | 1 | $3,461.00 | $0.00 | $639.08 |
| CORPORATION | 2 | $217,699.00 | $0.00 | $75,476.97 |
| EXCISE | 0 | $0.00 | $0.00 | $0.00 |
| ESTATE & GIFT | 1 | $13,644,400.00 | $0.00 | $0.00 |
| CTA | 0 | $0.00 | $0.00 | $0.00 |
| FUTA | 0 | $0.00 | $0.00 | $0.00 |
| Total Deficiency Assmts | 4 | $13,865,560.00 | $0.00 | $76,116.05 |
| Total Assessments | 5 | $13,902,303.00 | $0.00 | $86,379.03 |

EXHIBIT

A

Racs Report-006

Summary Record of Assessments

Page: 2
06/20/2002
13:15:21

MEMPHIS

Certificate Number   135202062001 4   Assessment Type   Assessment Date
Quick                06202002

Tax Class Summary

| Tax Class | Items | Amount |
|---|---|---|
| WITHHOLDING | 0 | $0.00 |
| INDIVIDUAL | 1 | $4,100.08 |
| CORPORATION | 3 | $340,181.95 |
| EXCISE | 0 | $0.00 |
| ESTATE & GIFT | 1 | $13,644,400.00 |
| CTA | 0 | $0.00 |
| FUTA | 0 | $0.00 |

Principal Taxpayers And Amounts     Number     Amount
Related to Jeopardy Assessments     0          $0.00

Certification
--------------

I certify that the taxes, penalty, and interest of the
above classifications, hereby assessed, are specified
in supporting records, subject to such corrections as
subsequent inquiries and determinations in respect thereto
may indicate to be proper.

Signature (For Submission Processing Center Director
of Internal Revenue Service)

Assessment-Officer          Date

BY
MATH VERIFIED
DATE 06-20-02

- 32 -

Racs Report-006

                                                                    Page:  3
                                                                    06/20/2002
                                                                    13:15:21

Summary Record of Assessments

MEMPHIS

| Certificate Number | Assessment Type | Assessment Date |
|---|---|---|
| 135200206200014 | Quick | 06202002 |

| Document Locator Number | Account Date |
|---|---|
| 06-600-021 | 06202002 |



# United States of America

### Department of the Treasury
### Internal Revenue Service

Date: October 13, 2005

## CERTIFICATE OF OFFICIAL RECORD

I certify that the annexed: Certificate of Assessments and Payments is an exact transcript of the account of the taxpayer named therein, in respect to the taxes specified and for the period specified. All assessments, penalties, interest, abatements, credits, and refunds relating thereto, as disclosed by the records of this office as of the date appearing on said certificate are shown therein. I further certify that I have legal custody of certain Federal tax returns, transcripts of accounts, and other accounting records established and maintained by the Internal Revenue Service pursuant to authority derived under the Internal Revenue Code (United States Code, Title 26), and that the annexed certificate is a true transcript made from such records; consisting of    5 page(s) _____

under the custody of this office.

IN WITNESS WHEREOF, I have hereunto set my hand, and caused the seal of this office to be affixed, on the day and year first above written.

By direction of the Secretary of the Treasury:

Operations Manager, Accounting Control/Services
Internal Revenue Service
Submission Processing Center
Atlanta, Georgia

**EXHIBIT**

B

Catalog Number 19002E

Form **2866** (Rev. 09-1997)

[ B3 ]

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

RANKIN M SMITH SR ESTATE                    EIN/SSN: ███████████ V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706        TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| 02-01-1999 | RETURN FILED 07506-051-00000-9  199909 | 9,750,765.42 | | 03-15-1999 |
| 07-29-1998 | SUBSEQUENT PAYMENT | | 703,597.00 | |
| 08-31-1998 | EXTENSION OF TIME TO FILE EXT. DATE   01-26-1999 | | | |
| | RESTRICTED INTEREST ASSESSED 199928 | 723,205.42 | | 07-26-1999 |
| | ADDITIONAL TAX ASSESSED 07554-583-18001-9  199928 | 0.00 | | 07-26-1999 |
| 08-02-1999 | SUBSEQUENT PAYMENT | | 325,443.00 | |
| 07-27-1999 | AMENDED RETURN FILED 07506-219-02210-9 | | | |
| | ADDITIONAL TAX ASSESSED 07554-677-15101-9  199941 | 0.00 | | 10-25-1999 |
| | RESTRICTED INTEREST ASSESSED 200032 | 813,237.55 | | 08-21-2000 |

FORM 4340  (REV. 01-2002)              PAGE     1

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

RANKIN M SMITH SR ESTATE          EIN/SSN: ▮▮▮▮▮▮▮▮ V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706        TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|---------------------------------|
|  | ADDITIONAL TAX ASSESSED 07554-615-18000-0  200032 | 0.00 |  | 08-21-2000 |
| 08-01-2000 | SUBSEQUENT PAYMENT |  | 723,206.00 |  |
|  | RESTRICTED INTEREST ASSESSED 200131 | 840,361.74 |  | 08-13-2001 |
|  | ADDITIONAL TAX ASSESSED 07554-601-18001-1  200131 | 0.00 |  | 08-13-2001 |
| 07-26-2001 | SUBSEQUENT PAYMENT MISCELLANEOUS PAYMENT |  | 840,361.74 |  |
| 03-01-2002 | SUBSEQUENT PAYMENT |  | 19,290,867.00 |  |
|  | RESTRICTED INTEREST ASSESSED 200225 | 388,153.22 |  | 07-01-2002 |
|  | ADDITIONAL TAX ASSESSED 07554-558-18100-2  200225 | 0.00 |  | 07-01-2002 |

FORM 4340  (REV. 01-2002)              PAGE    2

[ B5 ]

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------

RANKIN M SMITH SR ESTATE                 EIN/SSN:  V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706        TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----------------------------|-------------------------------------|----------------------------|----------------------------------|
| 07-01-2002 | INTEREST DUE TAXPAYER | | 175,620.82 | |
| 07-01-2002 | REFUND | | (9,543,372.21) | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT DEFICIENCY PER DEFAULT OF 90 DAY LETTER 17547-584-00116-2  200228 | | 0.00 | 07-22-2002 |
| | QUICK ASSESSMENT 49551-171-13000-2 | 13,644,400.00 | | 06-20-2002 |
| 07-01-2002 | INTEREST DUE TAXPAYER REVERSED | | (175,620.82) | |
| 07-01-2002 | CANCELED REFUND CHECK | | 9,543,372.21 | |
| 09-20-2002 | INSTALLMENT/MANUAL BILLING | | | |
| 05-19-2003 | ASSESSMENT STATUTE EXPIR DATE EXTEND TO 07-01-2002 | | | |
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT, CLOSED TO APPEALS PRIOR TO 90 DAY LETTER 17547-610-10001-3  200332 | | 0.00 | 08-18-2003 |

FORM 4340  (REV. 01-2002)                 PAGE    3

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
--------------------------------------------------------------------------------

RANKIN M SMITH SR ESTATE             EIN/SSN: ███████████ V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706        TAX PERIOD:

| DATE | EXPLANATION OF TRANSACTION | ASSESSMENT, OTHER DEBITS (REVERSAL) | PAYMENT, CREDIT (REVERSAL) | ASSESSMENT DATE (23C, RAC 006 ) |
|------|----|----|----|----|
| | ADDITIONAL TAX ASSESSED BY EXAMINATION AUDIT REVIEW 49547-482-70000-5  200513 | | 0.00 | 04-11-2005 |
| 04-11-2005 | RENUMBERED RETURN 49547-482-70000-5 | | | |
| 07-27-2005 | INSTALLMENT/MANUAL BILLING DEFAULT | | | |
| 06-20-2002 | Statutory Notice of Balance Due | | | |
| 08-26-2002 | Statutory Notice of Intent to Levy | | | |
| 07-27-2005 | Statutory Notice of Balance Due | | | |
| 09-26-2005 | Statutory Notice of Intent to Levy | | | |

FORM 4340  (REV. 01-2002)              PAGE    4

CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS
------------------------------------------------------------------------

RANKIN M SMITH SR ESTATE                 EIN/SSN: ███████████ 1V
SUNTRUST BANK ATLANTA


TYPE OF TAX: U.S. ESTATE TAX RETURN
FORM: 706     TAX PERIOD:
------------------------------------------------------------------------


BALANCE    4,276,648.61

------------------------------------------------------------------------
I CERTIFY THAT THE FOREGOING TRANSCRIPT OF THE TAXPAYER NAMED ABOVE IN RESPECT
TO THE TAXES SPECIFIED IS A TRUE AND COMPLETE TRANSCRIPT FOR THE PERIOD STATED,
AND ALL ASSESSMENTS, ABATEMENTS, CREDITS, REFUNDS, AND ADVANCE OR UNIDENTIFIED
PAYMENTS, AND THE ASSESSED BALANCE RELATING THERETO, AS DISCLOSED BY THE
RECORDS OF THIS OFFICE AS OF THE ACCOUNT STATUS DATE ARE SHOWN THEREIN. I
FURTHER CERTIFY THAT THE OTHER SPECIFIED MATTERS SET FORTH IN THIS TRANSCRIPT
APPEAR IN THE OFFICIAL RECORDS OF THE INTERNAL REVENUE SERVICE.
------------------------------------------------------------------------

SIGNATURE OF CERTIFYING OFFICER: _____
                          Kathleen R. Bushnell
PRINT NAME: _____
                 Operations Manager, Accounting Control/Services
TITLE: _____

DELEGATION ORDER: _____198_____


LOCATION: INTERNAL REVENUE SERVICE
          DORAVILLE, GA

      ACCOUNT STATUS DATE 10/12/2005

FORM 4340  (REV. 01-2002)              PAGE     5