IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.05-1028 T

(Judge Marian Blank Horn)

ESTATE OF RANKIN M. SMITH, SR.,
SUNTRUST BANK, TAYLOR W. SMITH, and
RANKIN M. SMITH, JR., Co-Executors,

Plaintiffs

v.

THE UNITED STATES,

Defendant

DEFENDANT'S STATUS REPORT,
AND OBJECTION TO
PLAINTIFF'S MOTION FOR LEAVE
TO FILE A *SUR*-REPLY

Pursuant to the Court's order of August 10, 2006, the United States reports as follows:

As set forth in the status report filed on August 15, 2006, an IRS Appeals Officer has been selected who, once the complaint is dismissed without prejudice, will have the authority to undertake a considered review of plaintiff's claims for additional credits and deductions and to recommend specific action with respect to those claims. At this point, the IRS Appeals Officer has advised that he has reviewed the materials provided by

plaintiff and has reached some preliminary conclusions which he has set out in a draft memorandum. (A final memorandum would ultimately be reviewed within the IRS.) As discussed in our August 15 report, however, the IRS is not authorized to take any action on the claims at issue in this suit while the suit is pending. *See Computervision Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir. 2006) and I.R.C. § 7122(a).

Currently, counsel for the United States has contacted the Appeals Officer about the possibility of an agreement between the IRS and the plaintiff to extend the statute of limitations for filing suit, in the event the pending complaint in this action is dismissed without prejudice. Such an agreement would provide more time for the taxpayer and the IRS to attempt to resolve the state death tax credit and the interest deduction issues. The IRS has not yet provided its views on a possible extension agreement.

In addition, on August 21, 2006, plaintiff filed Plaintiff's Motion for Leave to File *Sur*-Reply to Defendant's Reply in Support of its Motion to Dismiss, *Instanter*. The United States objects to the granting of this motion. Both the grounds set forth in plaintiff's motion for leave and the points made in the proposed surreply are inaccurate and misleading. Alternatively, the United States requests that if plaintiff's motion is allowed, the United States be permitted to file a supplemental brief addressing the inaccuracies contained in plaintiff's surreply.

Respectfully submitted,

s/Jennifer Dover Spriggs

JENNIFER DOVER SPRIGGS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-0840

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/Steven I. Frahm
Of Counsel

August 22, 2006