IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ESTATE OF RANKIN M. SMITH, SR., SUNTRUST BANK, TAYLOR W. SMITH, and RANKIN M. SMITH, JR., Co-Executors, | ) | Case No. 05-1028 T |
| Plaintiff, | ) | Judge Marian Blank Horn |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**<u>PLAINTIFF'S REPORT TO THE COURT</u>**

Counsel for plaintiff, the Estate of Rankin M. Smith, Sr. (the "Estate"), by and through undersigned counsel, hereby submits the following report to the Court.

1. In its August 29, 2006 status report, defendant represented that it had identified an administrative procedure for the IRS to consider the Estate's credit for additional state death taxes paid as a result of the IRS's increase to the taxable estate in its Notice of Deficiency and deductions for interest payments made by the Estate pursuant to its election under section 6166 of the Internal Revenue Code. Defendant also represented that the IRS would be willing to extend the statute of limitations for the Estate to file a refund suit if necessary. On August 30, 2006, Mr. Carrington, the Court's representative, held two telephone conferences with counsel for the parties to discuss these representations. During the first conference, plaintiff's counsel expressed concern that, while defendant may have identified an administrative procedure, defendant's counsel had yet to describe the procedure or to give an indication of how long that procedure might take. In light of past statements by IRS representatives that a viable administrative procedure was not available, plaintiff has repeatedly requested a description of the

steps in the procedure and the likely timeline for completing those steps.[1] This information was also needed in order to determine an appropriate length of time for an extension of the statute of limitations.

2. During the conference with Mr. Carrington, plaintiff's counsel again requested an explanation of the procedure and the estimated timetable. When government counsel indicated that she could not provide this information, plaintiff's counsel suggested that Mr. Gary Stewart, the IRS Appeals Officer who would be handling the matter, might be able to provide this information. Mr. Carrington agreed and suggested that the Appeals Officer be added to the telephone conference, but adjourned the conference at the request of government counsel so that she could confer with her supervisor. Mr. Steven Frahm, counsel's supervisor, participated in the second conference call with Mr. Carrington, during which government counsel agreed to arrange a conference call with the Appeals Officer to review the administrative procedure and likely timeline.

3. On September 1, 2006, a telephone conference was held among government counsel, plaintiff's counsel, and Appeals Officer Stewart. Based on that conference, the Estate has the following understanding of the administrative procedure and estimated timeline:

a. First, the Estate would dismiss its complaint without prejudice, at which time government counsel would immediately transfer the IRS administrative file for the Estate to Appeals Officer Stewart, who has already familiarized himself with the Estate and the issues surrounding the state death tax credits and deductions for section 6166 interest payments in

[1] In its Order dated August 10, 2006, the Court directed defendant to provide this information and include it in defendant's August 15 Status Report to the Court. Defendant, however, did not provide this information either in its August 15 Status Report or its two subsequent Status Reports, filed on August 22 and 29, 2006.

controversy. Upon the Estate's dismissal of its suit, jurisdiction over the Estate's claims would immediately transfer from the Department of Justice to the IRS.

b. Second, by the end of this month, the IRS and the Estate would execute Form 907, Agreement to Extend the Time to Bring Suit, to extend the statute of limitations for the Estate to file suit on the claims for refund that were filed by the Estate on January 25, 2002 and September 13, 2002 (the "First and Second Claims for Refund," respectively). Without such an extension, if an additional payment were necessary to eliminate a remaining balance of tax alleged by the IRS after its reconsideration, the Estate would need to make such a payment and file a third claim for refund of that payment by September 23, 2006 (six months prior to the present March 23, 2007 expiration date for filing suit on the First and Second Claims for Refund) in order to preserve its ability to timely file suit on all three claims for refund in one action. *See* 26 U.S.C. § 6532 (a taxpayer may not bring suit under IRC § 7422 until six months have passed from the date the claim for refund is filed, unless the claim is disallowed before the six months passes). Based on the parties' discussion of the procedure, it was determined that a three month extension of the statute should be sufficient. Form 907, necessary to extend the statute, would require the signature of an Area Director on behalf of the IRS. The relevant Area Director has been briefed on this matter and has agreed to execute the Form 907 extending the statute of limitations for the Estate to file its refund suit.

c. Third, upon receipt of the administrative record, Appeals Officer Stewart will promptly make recommendations regarding the abatement of taxes based on the allowance of any additional credit for state death taxes and section 6166 interest deductions. These recommendations will be reviewed by Appeals Officer Stewart's Manager, and abatements that are recommended and approved will be made promptly and recorded on the Form 4340,

transcript of account for the Estate (the "Transcript"). Appeals Officer Stewart indicated that this process likely could be completed within 30 days of his recommendation.

d. Fourth, if an alleged balance of tax remains on the Transcript, the Estate can pay that balance, immediately file a claim for refund of that payment (the "Third Claim for Refund"), and request an immediate disallowance of this Third Claim for Refund. Appeals Officer Stewart indicated that he would immediately disallow a Third Claim for Refund, which would permit the Estate to promptly refile its refund suit.

e. Fifth, the Estate would promptly refile its refund suit on the First and Second Claims for Refund, along with any Third Claim for Refund if applicable. The Court has previously indicated that the Court would waive the requirement for the Estate to pay a filing fee to refile its case, and the case would be returned to Judge Horn for further proceedings.

Based on the Estate's understanding and the representations set forth above, the Estate is prepared to agree to dismiss its complaint without prejudice.

Respectfully submitted,

s/ Judith Mather

Judith A. Mather (Attorney of Record)
Tel: (202) 776-2714
Fax: (202) 776-4714
Email: jmather@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036

Alex. L. Bertoldo (Of Counsel)
Tel: (202) 776-2045
Fax: (202) 776-4045
Email: abertoldo@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036

COUNSEL FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused a copy of the foregoing *Plaintiff's Report to the Court to* be filed with the ECF System of the United States Court of Federal Claims this 6th day of September 2006, with Notice of Electronic Filing to be made on all case participants who are ECF filing users in compliance with the service requirements of RCFC 5 and the proof of service requirements of RCFC 5.1, as provided in United States Court of Federal Claims General Order No. 42A. I am not aware of any case participants who are not ECF filing users of this Court.

s/ Judith Mather
Judith A. Mather (Attorney of Record)
Tel: (202) 776-2714
Fax: (202) 776-4714
Email: jmather@dowlohnes.com
DOW LOHNES PLLC
1200 New Hampshire Ave., N.W., Ste. 800
Washington, D.C. 20036